SILVER v. KENT et al.

(Circuit Court, E. D. Pennsylvania. January 31, 1901.)

No. 23.

1. BILLS AND NOTES—GUARANTY—CONSTRUCTION.

Defendants executed the following instrument: "As security for the attached note, the undersigned hold claims amounting to more than the amount thereof; and, for valuable consideration, we agree, if the above-described note is not paid at maturity, to collect said claims, and to pay the full amount due on said note to the holder thereof, without any deduction or charge." *Held*, that the instrument was an absolute, unconditional guaranty to pay the note, and not merely an agreement to collect the claims mentioned and pay the note therefrom.

2. SAME—DEFENSES.

Where one who has signed a contract reciting a consideration, and guarantying the payment of a note given for a loan made in reliance on his guaranty, is sued on his contract, he cannot set up the defense that he has received no consideration for his guaranty, and no notice of its acceptance.

Conard & Middleton, for plaintiff.

Read & Pettit, for defendant Samuel L. Kent.

DALLAS, Circuit Judge. The plaintiff's statement of claim sets out a promissory note which, as it alleges, he received from the Columbia Navigation Company for $5,000 loaned by him to it, and that, at the time this note was given, the defendants, who were connected with that company, guarantied the payment of it by a certain undertaking in writing, of which the following is a copy: ·

"As security for the attached note of the Columbia Navigation and Trading Company, dated December 13th, 1897, and due September 13th, 1898, for the sum of $5,000, the undersigned hold claims for labor, materials, supplies, etc., against the steamer City of Columbia, amounting to more than the amount of said notes. For the sum of one dollar to us in hand paid, and receipt of which is hereby acknowledged, and for other valuable consideration, we, the undersigned, agree, undertake, and bind ourselves, if the above-described note is not paid at maturity by the Columbia Navigation and Trading Company, to collect said claims, and to pay the full amount due on the attached and above-described note, on or before December 13th, 1898, to the holder thereof, without any deduction or charge whatever. In witness whereof, we have hereunto attached our seals and affixed our signatures this 13th day of December, 1897.

"[Signed]                                        Max Levy.
"[Signed]                                        Samuel L. Kent.
"[Signed]                                        Harrington Emerson.
"Witness to all three signatures:
"G. P. Armstrong."

The present action is brought upon this instrument, and the defendant Kent has filed an affidavit wherein he defends upon two grounds, namely: (1) That it was not intended to guaranty the payment of the note, "but the intent, meaning, and purpose of said writing was only to pledge as collateral security for the payment of said note all the claims held against the steamer City of Columbia, as therein set forth, and to provide that out of the amount collected thereon said note would be paid, without any charge to the holder"; (2) that he, the defendant Kent, "never received any consideration

for the said guaranty, nor any notice from the said plaintiff of the acceptance thereof."

1. What was intended by the defendant is not a permissible subject of inquiry by a jury. The true question is, what is the correct construction and legal effect of the writing? and that question is for the court. Its language is that of the defendant, and he is strictly bound by it. I am not at liberty, at his suggestion, either to add to it, or to indulge in conjecture concerning its meaning. He expressly agreed to pay the amount of the note, without any deduction or charge whatever, and I do not think it incumbent upon the holder of the note to explain why he also undertook to collect the claims mentioned in the first paragraph of the writing. If the intent was, as is now contended, that the payment referred to should be made only in case those claims were collected, nothing could have been easier than to have plainly said so. It would, I think, have naturally occurred to the draftsmen to insert, after the words "to collect said claims, and to pay," some such word as "therefrom," "thereout," or "therewith." Not only, however, was this not done, but the separateness of the obligation to pay from the undertaking to collect was further indicated by a word which was used; the phrase employed being, not "to collect said claims and pay," but "to collect said claims, and to pay."

2. In my opinion, the second defense is clearly inadmissible. The instrument in question, if a guaranty,—and I have held that it is,—is an absolute and executed one. It recited consideration, and it is not denied that in point of fact the plaintiff's money was loaned in reliance upon it. Davis v. Wells, 104 U. S. 159, 26 L. Ed. 686. The plaintiff's rule for judgment is made absolute.