## KENT v. SILVER.

(Circuit Court of Appeals, Third Circuit. April 29, 1901.)

No. 32.

1. ACTION ON GUARANTY—AFFIDAVIT OF DEFENSE.

A guaranty stated that it was attached to a note in suit. The statement of claim averred "that at the time the money was loaned and said note was given, and as an inducement therefor, said defendants guarantied" the payment of the note, and executed a certain written undertaking. The affidavit of defense alleged that one of the plaintiffs was not present when the paper was executed, and that he did not request one of the guarantors to execute the same. *Held* not to sufficiently traverse the averments of the statement.

2. SAME—ACCEPTANCE.

The written guaranty, being attached to the note and delivered with it, was an absolute, and not a conditional, obligation, requiring notice of acceptance.

3. SAME—VARYING WRITTEN CONTRACT.

Where a written guaranty was conditioned to collect certain claims, and to pay the full amount due on a note attached, an affidavit of defense averring that the obligors were not able to collect, and substituting for an absolute agreement to pay on a day certain one to pay only in case they collected, was insufficient, as varying the terms of the written instrument.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

H. B. Gill, for plaintiff in error.

C. W. Conard, for defendant in error.

Before ACHESON and GRAY, Circuit Judges, and BUFFINGTON, District Judge.

BUFFINGTON, District Judge. In the court below, judgment for want of a sufficient affidavit of defense was entered in favor of Michael T. Silver against Samuel Kent. 105 Fed. 840. The entry of such judgment is here assigned for error. The Columbia River Navigation & Trading Company borrowed from Michael T. Silver $5,000, giving therefor its note at nine months, dated December 13, 1897. The note was not paid, and this suit on the following paper was brought against Kent and others to collect the amount thereof:

"As security for the attached note of the Columbia Navigation and Trading Company, dated December 13th, 1897, and due September 13th, 1898, for the

sum of $5,000, the undersigned hold claims for labor, materials, supplies, etc.. against the steamer City of Columbia amounting to more than the amount of said-notes. For the sum of one dollar to us in hand paid, the receipt of which is hereby acknowledged, and for other valuable consideration, we, the undersigned, agree, undertake, and bind ourselves, if the above-described note is not paid at maturity by the Columbia Navigation and Trading Company, to collect said claim and pay the full amount due on the attached and above-described note on or before December 13th, 1898. to the holder thereof, without any deduction or charge whatever. In witness whereof; we have hereunto attached our seals and affixed our signatures this 13th day of December, 1897.

"[Signed]                                    Max Levy.
"[Signed]             ·                      Samuel L. Kent.
"[Signed]                                    Harrington Emerson.
    "Witness to all three signatures:   G. P. Armstrong."

The paper states it was attached to the note; and the express averments of the statement of claim that "at the time the money was loaned and said note was given, and as inducement therefor, the said defendants, and each of them, guarantied to the plaintiff the payment of the said note, and executed therefor a certain written undertaking, of which the following is a copy," are not traversed. The allegations of the affidavit that Silver was not present when the paper was executed by Kent, that he did not request Kent to sign it, and that it was not delivered by him to Silver, do not traverse such averments. Being attached to and delivered with the note, it was an absolute obligation, and not a conditional one which required notice of acceptance. Davis v. Wells, 104 U. S. 164, 26 L. Ed. 686. It was accepted with the note. Its execution and delivery import an intent to bind the obligors, and its terms impose two obligations in case the note was not paid at its maturity, September 13, 1898. One was to collect certain claims; the other, "to pay the full amount due on the attached and above-described note on or before December 13th, 1898, to the holder thereof, without any deduction or charge whatever." This is the plain import of the language used, and, to give it any other, additional words must be inserted. Neither of these obligations has been complied with. The affidavit of defense simply avers the obligors were not able to collect because a bottomry bond subsequently became a prior lien, and absorbed all the money realized from a judicial sale of the vessel. Instead of their absolute engagement to collect, as the agreement reads, they would insert a conditional engagement to collect only upon condition. Moreover, for their absolute agreement to pay on a day certain, without any deduction, they would substitute one to pay only in case they collected. Such construction would vary the terms of the written instrument in which the parties embodied their undertaking. The court committed no error in construing the writing as an absolute engagement according to its terms, and entering judgment accordingly.