## TUCKERMAN & al. vs. FRENCH.

In the case of a continuing guaranty, given for whatever goods may be delivered from time to time, limited only in its general amount, but not in the duration of the term for which it is to stand, notice of its acceptance is as necessary, as it is in the case of one given for a specific debt, to be contracted at one time.

THIS was *assumpsit* for goods sold by the plaintiffs to one *Charles B. Prescott,* upon a letter of credit signed by the defendant, in these terms :—" *Boston, Sept.* 13, 1822. Messrs. *W. & G. Tuckerman,* Gent. For the bill of goods which Mr. *Charles B. Prescott* bought of you on the 6th instant, I hold myself responsible to you for the payment, agreeably to the contract made with him ; and I will hold myself responsible for any goods which you may sell him, provided the amount does not exceed at any time the sum of five hundred dollars."

It appeared at the trial, before *Parris J.* that on the 6th day of *Sept.* 1822, *French,* who then resided in *Boston,* went with *Prescott* into the plaintiffs' store there, and stated to them that he would be responsible for the value of the goods mentioned in a memorandum then produced by *Prescott,* which was a little more than two hundred dollars ; which *Prescott* afterwards paid. In *December* follow-

ing *Prescott* took another quantity of goods of the plaintiffs, amoun-ting to thirty two dollars; and at divers other times, down to *April*, 1826, he made several other purchases, never exceeding five hundred dollars at one time, for some of which he gave his promissory notes. He was always, during that period, indebted to the plaintiffs; often for more than five hundred dollars; and at the time of the commencement of this suit he owed them upwards of seven hundred dollars. The goods, so far as the plaintiffs were concerned, were delivered on the credit of the letter of guaranty; but it did not appear that *Prescott* had any knowledge of its existence till it was sent to the plaintiffs' attornies in the autumn of 1827; and he testified that he had not. Nor did it appear that any notice was expressly given by the plaintiffs to the defendant, of the acceptance of the guaranty; but the latter usually spent some months of every year in *Bangor*, where *Prescott*, who was his tenant, resided; and was as often as once, at least, in every week, in his store.

Upon this evidence the Judge directed a nonsuit, subject to the opinion of the court upon the question whether the plaintiffs could maintain the action.

*McGaw* and *Hatch*, for the plaintiffs, argued that it was an original and continuing undertaking on the part of *French*; binding on him, without notice, till he should repudiate it. *Cobb v. Little*, 2 *Greenl.* 261; *Duval v. Trask*, 12 *Mass.* 154; *Mason v. Pritchard*, 12 *East* 227; 2 *Campb.* 413.

*Kent* and *Rogers*, for the defendant, cited *Norton v. Eastman*, 4 *Greenl.* 521; *Creamer v. Higginson*, 1 *Mason*, 324; *Leonard v. Vredenburg*, 7 *Johns.* 23, 32, *note*; *Chase v. Day*, 17 *Johns.* 114.

MELLEN C. J. delivered the opinion of the Court in *Cumberland*, at the adjournment of *May* term in *August* following.

It appears by the Judge's report that the *express* terms and con-ditions of the defendant's guaranty have been complied with by the plaintiffs; that is, they did not credit *Prescott* more than five hundred dollars at any one time. But in a guaranty of this description there is always an implied condition that notice shall be given by the

vendor, who gives credit to a third person on the strength of a guaranty, that such guaranty has been accepted, and such notice must be given in a reasonable time, so that the guarantor may know the fact of his liability. What is a reasonable time will depend on circumstances. We have had occasion to examine and remark upon the principal decisions in relation to this subject; and instead of repeating our observations, we merely refer to the case of *Norton v. Eastman*, 4 *Greenl.* 521, and *Seaver v. Bradley*, 6 *Greenl.* 60. In the case before us no question arises as to reasonableness of time, because it does not appear that any notice whatever was given to the defendant of the acceptance of his guaranty, and of any advances made to *Prescott* upon the strength of it. *Prescott* was ignorant of the guaranty until about the autumn of 1827; more than eighteen months after the last goods were delivered to him: and though some facts are disclosed from which it has been supposed notice may be inferred, still it is not our province to infer facts and draw conclusions, but to decide the cause upon the facts as stated. According to the authorities cited and the principles recognized and established in the two cases before mentioned, we are all of opinion that the action is not maintainable, unless the nature of the guaranty is such as to render the principle as to notice, inapplicable to the present case. Upon consideration of this point we are not satisfied that it can change the character of the defence. The guaranty as to the first parcel of goods was definite, but as those goods were duly paid for by *Prescott*, that guaranty may be laid out of the case. The second was a continuing guaranty, limited, however, in amount, to the sum of $500. Now on this point it is difficult to perceive any sound reasons for a distinction between the two kinds of guaranty. The amount for which the guarantor may engage to be responsible, may be the same in both cases; and there seems to be as much reason that he should have due notice of the acceptance of the guaranty in one case as the other. Mr. *Wheaton* has appended a long note to the case of *Lanusse v. Barker*, 3 *Wheat.* 148, containing a catalogue of the principal decisions in England and this country on the subject of guaranties, in which are contained the principles as to notice of acceptance and advances; but

no distinction seems to have been suggested between definite and continuing guaranties as to the necessity of notice.

On the whole we are all of opinion that the nonsuit must be confirmed.

*Judgment for the defendant.*