### D. M. OSBORNE & CO. v. JOHN VAN HOUTEN.

*Guaranty on contract of agency—Alteration of agreement.*

A guarantor upon a contract of agency cannot be held if after signing a draft of the agreement to be submitted to the principal, the latter so alters it as to enlarge the agent's liability, as by requiring him to become responsible for more property or less salable property than at first contemplated.

Error to Eaton. Submitted Jan. 18. Decided Jan. 28.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*D. P. Sagendorph* for plaintiff in error

*Foote & Scott* for defendant in error.

GRAVES, J. For the purpose of completing an arrangement with one John Dilley, jr., to act as agent for the plaintiff corporation in vending its farm implements, one of its agents, Mr. Maltby, reduced the understanding to writing in the form of an agreement between the company and Dilley, and the latter signed it, and Maltby as agent signed the name of the company. At this stage of the transaction the defend-

ant, by a written undertaking indorsed thereon, agreed to guaranty Dilley's performance.

This suit was brought on that guaranty and the circuit judge directed a verdict for the defendant.

The writing signed by Dilley contained a provision that it should not be in force until approved and countersigned by the plaintiff's manager, Mr. Moffet, and Maltby, subsequent to the guaranty, sent the paper forward for his approval and countersign. He withheld his approval from it as it then was, and in the shape it bore when the defendant became surety, and proceeded to introduce certain changes. Having made such alterations as he thought proper, he approved and countersigned it in its new form and sent it back. The declaration counted on it as thus altered and amended by the plaintiff's manager, and laid the undertaking of defendant as a guaranty of Dilley's performance thereof. According to the writing between Dilley and the company before the alteration, and as it stood at the time the defendant became surety, the company was to supply Dilley with new machines and there was no provision for his taking any others. But amongst the changes, introduced by Moffet, there was one binding Dilley to take certain old machines in the hands of a former agent and which had been left over from the previous season.

The chief question is whether this alteration was material; because if it was, there are two reasons at least against disturbing the judgment—*First*, the contract proved is not the same as the contract alleged; *second*, the alterations of the principal agreement not having been consented to, nor ratified by defendant, operated to release him, even though Dilley, the principal, may have assented.

That the alteration referred to was material is considered clear. If we read the guaranty as though it contained the principal writing in the form it bore before it was changed, and again read it as though it embraced the document as altered, we cannot fail to see that the obligation imported by the terms is not the same in both. By the alteration the arrangement is made to apply to a new subject-matter and

the consideration secured to the company for its own undertaking is changed and increased. As the paper was first framed the defendant could not be held for anything done by Dilley respecting the old machines, because the arrangement as written did not extend to them. But the meaning of the addition made by Moffet is to include them and as a consequence to enlarge the liability of the defendant. The case appears so plain on principles which are familiar that we do not deem it needful to enlarge upon it or to cite authorities.

The judgment must be affirmed with costs.

The other Justices concurred.