WINNEBAGO PAPER MILLS *vs.* JOHN F. TRAVIS.

Argued Jan. 15, 1894.   Affirmed Feb. 9, 1894.

No. 8545.

**Acceptance and notice thereof necessary to a contract upon a proposal.**

To charge a guarantor upon a letter of guaranty addressed to a particular person, or to persons generally, for a future credit to be given the party in whose favor, and at whose request, the letter was drawn, and to whom it was delivered by the guarantor, notice must be given, within a reasonable time, to the latter, that the person giving the credit has accepted or acted upon the guaranty, and has given credit on the faith of it. Such notice need not be in any particular form, and may be inferred from facts and circumstances.

**Application of payments.**

The rule laid down in *Hersey* v. *Bennett*, 28 Minn. 86, as to the application of payments upon an open, continuous account consisting of many items, no appropriation being made by either party, followed and applied.

Appeal by plaintiff, the Winnebago Paper Mills, a corporation, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made August 19, 1893, denying its motion for a new trial.

*C. E. Brame,* for appellant.

The letter of January 23, 1888, became an executed contract as between the guarantor and the principal at the time of its execution and delivery and no notice of acceptance was required to be given the guarantor. *Wright* v. *Griffith*, 121 Ind. 478; *Kline* v. *Raymond*, 70 Ind. 271; *Wise* v. *Miller*, 45 Ohio St. 388; *Newbury Bank* v. *Sinclair*, 60 N. H. 100; *Yancey* v. *Brown*, 3 Sneed, 89; *Snyder* v. *Click*, 112 Ind. 293; *Furst & B. Mfg. Co.* v. *Black*, 111 Ind. 308; *Douglass* v. *Howland*, 24 Wend. 35; *Stanley* v. *Stanley*, 112 Ind. 143; *Paige* v. *Parker*, 8 Gray, 211; *Voltz* v. *Harris*, 40 Ill. 159; *Davis* v. *Wells*, 104 U. S. 159.

Jordan being insolvent when the debt became due, no demand on him or notice to the defendant of his default was necessary. *Brackett* v. *Rich*, 23 Minn. 485.

In the application of payments, the rule is that where neither party makes any application, the court will direct the application according to the justice and equity of the case; but one rule is, that the court will apply the payment first to the unsecured debt.

*Edward H. Crooker*, for respondent.

The letter of January 23, 1888, is in legal effect a mere offer or proposal and created no liability on the part of defendant, because he had no notice or knowledge within a reasonable time of its acceptance by plaintiff. Notice of acceptance four years and seven months after its receipt, and three years and eight months after the close of the transactions and after the principal debtor had become insolvent, is too late. *Russell* v. *Clark*, 7 Cranch, 69; *Edmondston* v. *Drake*, 5 Pet. 624; *Douglass* v. *Reynolds*, 7 Pet. 113; *Lee* v. *Dick*, 10 Pet. 482; *Adams* v. *Jones*, 12 Pet. 207; *Davis Sew. M. Co.* v. *Richards*, 115 U. S. 524; *Craft* v. *Isham*, 13 Conn. 28; *Claflin* v. *Briant*, 58 Ga. 414; *Cooke* v. *Orne*, 37 Ill. 186; *Wills* v. *Ross*, 77 Ind. 1; *Webster* v. *Smith*, 4 Ind. App. 44; *Scribner* v. *Rutherford*, 65 Ia. 551; *Bell* v. *Kellar*, 13 B. Mon. 381; *Howe* v. *Nickels*, 22 Me. 175; *Whiting* v. *Stacy*, 15 Gray, 270; *Montgomery* v. *Kellogg*, 43 Miss. 486; *Central Sav. Bank* v. *Shine*, 48 Mo. 461; *Taylor* v. *Shouse*, 73 Mo. 361; *McDougal* v. *Calef*, 34 N. H. 534; *Kellogg* v. *Stockton*, 29 Pa. St. 460; *Emerson* v. *Graff*, 29 Pa. St. 358; *Gardner* v. *Lloyd*, 110 Pa. St. 278; *Coe* v. *Buehler*, 110 Pa. St. 366; *King* v. *Batterson*, 13 R. I. 117; *McNaughton* v. *Conkling*, 9 Wis. 316.

The payments made on account will be applied first upon the items constituting the antecedent indebtedness, they being the first items of the account. More than enough was paid on general account to wipe them out. *Hersey* v. *Bennett*, 28 Minn. 86; *Tuckerman* v. *French*, 7 Me. 115.

In matters of commercial or mercantile law, in case of a conflict of authority, this court will follow the rule of the United States courts. *Joslyn* v. *St. Paul Distilling Co.*, 44 Minn. 183; *National Bank of Commerce* v. *Chicago, B. & N. R. Co.*, 44 Minn. 224; *Rosemond* v. *Graham*, 54 Minn. 323.

COLLINS, J. According to the findings of the trial court in this action, one Jordan was indebted to plaintiff in the sum of $2,273.86

on account of paper sold and delivered prior to January 23, 1888. On that day defendant, at Jordan's request, executed and delivered to him a writing in the following words:

"Minneapolis, Minn., January 23d, 1888.

To the Winnebago Paper Mills, Neenah, Wis.:

R. H. Jordan, of Minneapolis, Minnesota, being indebted to you for paper sold him heretofore, and desiring to purchase paper upon credit from you from time to time in the future, I, for value received, guaranty the payment of R. H. Jordan's account with you as it now exists, until further notice, to the amount of two thousand dollars. John F. Travis. [Seal.]"

Jordan afterwards delivering this writing to plaintiff, and, relying upon it, there was sold and delivered to him, between its date and the 20th day of December, 1889, paper of the value of $27,067.22, and payments made from time to time, on account, to the amount of $18,105.09. The sales made prior to, or the items which constituted the indebtedness existing at, the date of the writing, and the sales made or the items which made up the indebtedness accruing after the execution of the writing, were and are one continuous account, the sales or items first mentioned being the first items in the account. When payments were made amounting to over $18,000, as before stated, no special appropriation thereof was made by either debtor or creditor, but each payment was credited as a payment on account in the ordinary way. No consideration for the execution and delivery of the writing was shown except future sales to Jordan, on credit, made by plaintiff. The court also found that defendant never had any notice or knowledge that plaintiff had accepted the so-called "guaranty," or that it would, or had, made any sales relying on the same, until about August 1, 1892, some four and a half years after its execution, and two and a half years after the last sale was made to Jordan. Meantime the latter had become insolvent. There were other findings not necessary to consider, as we regard the case. Judgment was ordered for defendant, and plaintiff appeals from an order denying its motion for a new trial.

1. We shall first dispose of the question whether defendant guarantor was entitled to notice, within a reasonable time, that his letter of guaranty, so far as it related to future sales, had been accept-

ed by plaintiff, (guarantee,) and had been, or would be, acted upon by sales to Jordan on credit and upon faith of it. It is not claimed that notice was given within a reasonable time, or that such notice should have been given in any particular form, or that it could not be inferred from facts and circumstances; and at this time special attention is called to the fact that plaintiff gave no present consideration for the guaranty; that it was not executed at the request of, nor was it delivered to it by, defendant. Had a consideration passed to the latter from plaintiff, or had it requested defendant to write the guaranty, or had the same been delivered directly to plaintiff by defendant, a very different question would be presented.

There seems to be very little difference of opinion on this subject in England or in this country, and it has not been an open question in the Supreme Court of the United States for many years, as will be seen upon an examination of *Adams* v. *Jones*, 12 Pet. 207. Such notice is necessary in some manner or form, in order to bind the guarantor. "It is in itself a reasonable rule, enabling the guarantor to know the nature and extent of his liability, to exercise due vigilance in guarding himself against losses which might otherwise be unknown to him, and to avail himself of the appropriate means, in law and in equity, to compel the other parties to discharge him from further responsibility."

It was said in *Davis* v. *Wells*, 104 U. S. 159, where many of the cases are commented upon, the guaranty there being of the same legal import as the one at bar, that there seems to be some confusion as to the reason and foundation of the rule, and consequently some uncertainty as to the circumstances in which it is applicable. In some instances it has been treated as a rule inhering in the very nature and definition of every contract which requires the assent of a party to whom a proposal is made to be signified to the party making it, in order to constitute a binding promise, and this is the sense in which it is to be understood as having been applied in the decisions of that court.

The agreement to accept is a transaction between the guarantee and the guarantor, and completes that material assent necessary to a valid contract between them. The rule in question proceeds upon the ground that the case in which it applies is an offer or a proposal on the part of the guarantor which does not become ef-

fective and binding as an obligation until accepted by the party to whom it is made,—that until then it is inchoate and incomplete, and may be withdrawn by the proposer; "for the ground of the doctrine is not that the operation of the writing is conditional upon notice, but it is that until it is accepted, and notice of its acceptance given to the guarantor, there is no contract between the guarantor and the guarantee, the reason being that the writing is merely an offer to guaranty the debt of another; and it must be accepted, and notice thereof given to the party offering himself as security, before the minds meet, and he become bound."

These same views were adhered to in *Davis S. M. Co.* v. *Richards,* 115 U. S. 524, (6 Sup. Ct. 173;) and, among the large number of cases to the same effect, see *Cremer* v. *Higginson,* 1 Mason, 340; *Craft* v. *Isham,* 13 Conn. 28; *Tuckerman* v. *French,* 7 Me. 115; *Babcock* v. *Bryant,* 12 Pick. 133; *Mussey* v *Rayner,* 22 Pick. 223; *Gardner* v. *Lloyd,* 110 Pa. St. 278, (2 Atl. 562.) The conclusion is that, as to future credit or sales, the plaintiff could not recover upon the guaranty.

2. The remaining question grows out of the fact that to the extent of $2,000 the defendant guarantied, by this writing, Jordan's indebtedness then existing, which exceeded $2,000, as before stated. No appropriation was made by either party when payments were made on the account, which was open and continuous, consisting of many items both before and after the date of the guaranty. The rule in such cases is well settled in this court, and the payments will be applied on the account according to the priority of time,—that is, the first item on the debit side is discharged or reduced by the first item on the credit side. *Hersey* v. *Bennett,* 28 Minn. 86, (9 N. W. 590.) This rule precludes a recovery by plaintiff, on account of the existing indebtedness.

Order affirmed.

(Opinion published 58 N. W. Rep. 36.)