LEHIGH COAL & IRON COMPANY v. E. F. SCALLEN and Another.[1]

May 7, 1895.

Nos. 9159—(36).

Guaranty—Acceptance.

When an instrument of guaranty is executed and delivered, not as an offer of guaranty, but as an acceptance of a proposition coming from the guarantee, or contemporaneous with an agreement by the guarantee to accept, no further notice to the guarantor of acceptance by the guarantee is necessary to bind the guarantor.

Same—Duration and Amount.

Although a continuing guaranty is unlimited as to the time it shall continue and the amount for which the guarantor shall be liable under it, yet such time and amount must be reasonable under all the circumstances of the case.

Same—Duration.

Under the circumstances of this case, *held* that the court did not err in holding, as a question of law, that one year after the date of the guaranty was not an unreasonable length of time for the guarantee to continue to give credit on the faith of the guaranty without communicating with the guarantor.

Same—Extent of Credit.

The guaranty provides, "I hereby agree to become responsible for any amount of credit you may give him." *Held*, this language must be given due weight, but, even under this language, an unreasonable amount of credit might be given, and, where there was evidence tending to show that a reasonable line of credit in the business of the principal debtor was from $300 to $400, it was a question for the jury whether it was unreasonable on the faith of this guaranty to extend to him a line of credit amounting to over $1,300

Rule of Court—Filing Briefs.

Compliance with the amendment made at the last term to rule 9 of this court, requiring the paper book and briefs to be filed three days before

[1] Reported in 63 N. W. 245.

the day of argument, cannot be dispensed with by the stipulation of the parties; and the prevailing party failing to comply with the same cannot recover statutory costs.

Appeal by defendants from an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial. Affirmed, as to defendant E. F. Scallen. Reversed, as to defendant J. C. Scallen.

*Freeman P. Lane*, and *William H. Briggs*, for appellants.

*J. B. Phelps*, for respondent.

CANTY, J.[2]   The defendant E. F. Scallen was in the retail fuel business.   The plaintiff corporation was in the wholesale fuel business.   He desired to purchase wood and coal of it on credit, and procured his brother, J. C. Scallen, to make and deliver to plaintiff, at the time of its date, the following guaranty:

"Minneapolis, Minn., May 10, 1892.

"Lehigh Coal & Iron Company, Minneapolis, Minn.—Gentlemen:

"In the matter of furnishing fuel to E. F. Scallen for his trade, I hereby agree to become responsible for any amount of credit you may give him, and in case he fails to pay you within three months after coal is delivered, I will pay the same.

"Yours truly,                                    J. C. Scallen."

On the faith of this guaranty, plaintiff sold fuel to E. F. Scallen on credit, on a running account, thereafter until April 1, 1893, the amount of such sales being $10,203, of which the sum of $8,901, was paid, leaving a balance due of $1,302.   This action is brought against E. F. Scallen, as principal debtor, and against J. C. Scallen, as such guarantor, to recover said balance due.   At the close of the trial the court ordered a verdict for plaintiff for the full amount claimed, and from an order denying their motion for a new trial defendants appeal, but no grounds for reversal as to defendant E. F. Scallen are urged.

It is contended that the court erred in ordering a verdict against J. C. Scallen, for the reason that he was entitled to notice that

[2] Collins, J., absent, did not sit.

his guaranty had been accepted by the plaintiff before the contract could be complete, or he be held liable on the same; citing Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36. The point would be well taken if J. C. Scallen had merely made an offer of guaranty, to which he had never received any response, or of the acceptance of which he had never received any notice until an unreasonable length of time after the guarantee had attempted to act on the offer so far as to furnish the proposed credit, as was the case in Winnebago Paper Mills v. Travis. This instrument of guaranty did not go out of the possession of J. C. Scallen as an unaccepted proposition. It is true that the defendants testify that J. C. Scallen delivered the instrument to E. F. Scallen, who subsequently delivered it to the agent of plaintiff when J. C. Scallen was not present. But it conclusively appears by the evidence that plaintiff had agreed to accept the guaranty and act upon it before the instrument of guaranty was written or signed. Plaintiff had agreed to sell fuel to E. F. Scallen on credit if J. C. Scallen would guaranty the account. E. F. Scallen testified that he so informed J. C. Scallen when he signed the instrument, and J. C. Scallen himself testified that before he signed it he was so informed by the agent of plaintiff. Then the signing and delivery of this instrument by J. C. Scallen was the acceptance of a proposition, not the making of a proposition, and no further notice to him of the acceptance of the guaranty was required. See the case last cited; also, Davis v. Wells, 104 U. S. 159; Wildes v. Savage, 1 Story, 22, Fed. Cas. No. 17,653.

There was evidence tending to prove that there was no communication between the guarantor and guarantee from the time the guaranty was given until about July 10 in the following year. It is urged that it was a question for the jury whether or not the plaintiff gave an unreasonable amount of credit, and continued to sell an unreasonable length of time, on the faith of this guaranty, and that for these reasons it was error to take the case from the jury and order a verdict for plaintiff as against J. C. Scallen. This is a continuing guaranty, in which neither the time it shall continue nor the amount of the guarantor's liability is stated. Taking it literally, it might continue for 10, 20, or 50 years; and as it is "for any amount of credit you may see fit to give him," the guarantor

might become liable under it for 'millions of dollars.' But this is certainly not the proper interpretation of the instrument. The time it shall continue, and the amount for which the guarantor may be liable under it, must be reasonable, taking into consideration the language of the guaranty and all the circumstances of the case. There is in the case almost a total absence of circumstances from which to determine whether or not plaintiff attempted for an unreasonable length of time to give credit on the faith of the guaranty, except the fact that he so continued for about a year after the guaranty was given; and we are of the opinion that the trial court did not err in holding that, as a question of law, the plaintiff did not continue for an unreasonable length of time to act on the faith of the guaranty.

But there are some circumstances from which to determine whether or not the amount of credit attempted to be given on the faith of this guaranty was unreasonable. J. C. Scallen testified on his own behalf that, just prior to the time he executed this guaranty, he had a conversation with plaintiff's agent, Taylor, concerning it: "I said, 'Mr. Taylor, what would the amount be?' * * * E. F. was about to extend his business a little, in view of certain contracts. He had certain contracts in view for furnishing coal, and Mr. Taylor and I talked it over, and I asked him what was their way of doing business, and how they settled with their customers. He said it was monthly. He said that he thought three or four hundred dollars would cover it." It is true that Taylor in his evidence denied this, and stated that "Mr. Scallen said—asked me if the amount would amount to a thousand dollars, and I said to him it probably would, and more." But whether or not Scallen's statement was true was a question for the jury. It is true that this evidence cannot be given the effect of contradicting the terms of the written guaranty. Its only effect is an admission as to what would be a reasonable limit of credit from time to time in the business of E. F. Scallen; and many other extrinsic facts and circumstances would have been equally competent as evidence to prove that fact. See Roberts v. Mazeppa Mill Co., 30 Minn. 413, 15 N. W. 680. It is also true that the language of the guaranty, "I agree to become responsible for any amount of credit you may give him," must be given due weight. But, as already stated, even

under this language, an unreasonable amount of credit might be given. The question to be determined is, considering the language of the guaranty and all the circumstances of the case, was the amount of credit given unreasonable? The plaintiff might abuse its privileges even under this guaranty. If three or four hundred dollars was a reasonable line of credit in the business of E. F. Scallen, we are of the opinion that it was a question for the jury whether or not plaintiff did not so abuse its privileges under this guaranty in extending to him a line of credit amounting to $1,302, for which it now attempts to hold the guarantor. It will be noticed that this is not a question of what is a reasonable limit on the total amount of sales during the continuance of the guaranty, but what is a reasonable limit on the amount of credit for which at any one time the guarantor can be held. See 1 Brandt, Sur. §§ 160, 161. As to E. F. Scallen, the order appealed from is affirmed. As to J. C. Scallen, said order is reversed, and a new trial granted.

As the appellants failed to file their paper book and points and authorities, and the respondent failed to file its points and authorities, with the clerk of this court three days before the day of argument, as provided by subdivision 1 of rule 9 of this court, as amended at the last term, none of the parties shall tax statutory costs. The parties attempted by stipulation to dispense with compliance with this rule. But this amendment to this rule was made for the benefit of the court, not of the counsel or parties, and cannot be so dispensed with.

