ROBERT B. BURNS v. EDMUND L. POOLE and Another.[1]

November 6, 1908.

Nos. 15,716—(15).

**Guaranty—Notice of Acceptance.**

Assuming that the instrument under consideration did not constitute an original undertaking, and that the signers were entitled to notice of its acceptance by the bank, *held*, evidence was admissible to prove that the signers had knowledge, within a reasonable time thereafter, that the loan had been consummated on the strength of the guaranty.

Defendants were stockholders in the Guaranty Petroleum & Gas Co., and in order to enable the corporation to borrow money upon its promissory notes, they executed a guaranty in writing, to the effect that they would be responsible for all sums not exceeding $10,000 borrowed upon the corporation's promissory notes, and all renewals and extensions of such notes. Upon the strength of this guaranty, the Second National Bank of St. Paul loaned the corporation $10,000 on or about October 17, 1905, for which the corporation gave its promissory note. This note was renewed from time to time at the request of the corporation. At its final renewal payment was demanded by the bank which was refused. No part of the principal sum was ever paid except the sum of $8,323.60, which was paid prior to February 20, 1907. This is an action in the district court for Ramsey county to

[1] Reported in 118 N. W. 156.

recover $1,676.40, the balance alleged to be still unpaid. Plaintiff having rested his case, defendant's motion that the action be dismissed was granted. From an order, Brill, J., denying plaintiff's motion for a new trial, he appealed. Reversed.

*Durment & Moore*, for appellant.

*John M. Cannon* and *James Manahan*, for respondents.

LEWIS, J.

Respondents Poole and Kelly, with others, being stockholders in the Guaranty Petroleum & Gas Company, executed the following instrument:

"Whereas, the board of directors of the Guaranty Petroleum & Gas Company has authorized the president and secretary of said corporation to borrow from time to time prior to the first day of November, 1905, such sums as shall be necessary for the purposes of the business of said corporation, not exceeding in the aggregate $10,000, and to execute and deliver in the name of the corporation such promissory notes or other evidence of indebtedness as they may deem advisable for the moneys so borrowed:

"Now, therefore, in order to induce the lending of such moneys, and for value received, which we hereby conclusively admit, we, the undersigned, do hereby jointly and severally guarantee the payment of all sums which shall be so borrowed, and all promissory notes or other evidence of indebtedness which shall be given in the name of said the Guaranty Petroleum & Gas Company, not exceeding in the aggregate $10,000, principal indebtedness so incurred, and all renewals or extensions of any such notes or evidence of indebtedness."

Thereafter the president and treasurer of the company, two of the parties who signed the instrument, negotiated a loan for $10,000 at a certain bank. The loan was made on a note for that amount, indorsed by the president and secretary of the company, and also upon the strength of the contract above set out. The note was payable four months from date, and renewed on two occasions for the same length of time. When the last renewal note matured, all of the signers to the contract, except respondents and two others who were insolvent, contributed pro rata and paid the note, with the exception of $1,600. Respondents having failed to pay their pro rata share, it

was paid by the other signers, and an assignment of the note was made to appellant for the benefit of the others. Appellant having rested his case, respondents moved that the action be dismissed, "for the reason and upon the ground that [the contract] was in law only an offer to guarantee and would not bind the defendants until the bank accepted it and notified the defendants of that fact, and there was no evidence that the bank had notified either of the defendants of its acceptance of the guaranty." The motion was granted, and the action was dismissed.

It is often a matter of difficulty to determine whether an instrument of this character constitutes a strict guaranty, or an original undertaking. The contract under consideration in Lehigh Coal & Iron Co. v. Scallen, 61 Minn. 63, 63 N. W. 245, was an original undertaking; whereas the instrument considered in Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36, was held to be a strict guaranty, or an offer to guarantee, which by the acceptance thereof became a complete contract of guaranty. The instrument before the court in Historical Pub. Co. v. La Vaque, 64 Minn. 282, 66 N. W. 1150, was treated as an original undertaking, although the point was not directly decided.

The instrument now before us expresses a consideration, and the signers were apparently interested in the company, and they were to be benefited by the loan. While this writing, and the circumstances, differ in some respects from those involved in Winnebago Paper Mills v. Travis, supra, we assume, for the purpose of this case, that it was the intention of the members of the contract not to become absolutely bound upon the acceptance of the same by the party making the loan, but that it was in the nature of an offer to become bound to the extent of $10,000, and that notice was required in order to complete the contract. It appears from the record that there was no positive or formal notice in writing served upon respondents at the time the loan was perfected; but appellant offered to prove that, within three days after the loan was consummated, respondent Poole had knowledge of that fact, and that respondent Kelly was informed thereof within thirty days after the loan was made. "Knowledge from any source is binding upon the guarantor." 20 Cyc. 1409 (IV).

The object of notice is that the guarantor may know that he is bound, and to whom, in order that he may be able to take such measures for his own safety as circumstances may require, and formal notice in writing is not necessary; it being sufficient that the guarantors have knowledge within a reasonable time.   Ford v. Harris, 102 Ky. 169, 43 S. W. 199; 20 Cyc. 1409.   Assuming that respondents were entitled to notice of the acceptance of their guaranty, we are of opinion that, if knowledge of the consummation of the loan was conveyed to them within a reasonable time thereafter, the purpose for which such notice is intended was accomplished.   Respondents were put in possession of the facts, and were at liberty to take such steps to protect themselves from loss as the circumstances might require.   For this reason, the trial court erred in refusing to receive the evidence.

The evidence is not conclusive that the bank might have collected the note from the company, and respondents are not entitled to affirmance on that ground.

Reversed.