# J. R. WATKINS MEDICAL COMPANY v. J. W. McCALL and Others.[1]

December 29, 1911.

Nos. 17,437—(167).

**Guaranty of contract and of payment — notice of acceptance.**

Defendants guaranteed the faithful performance of a sales agent's contract providing for the sale in the future of plaintiff's goods, and also guaranteed the payment of any indebtedness then due from the agent to plaintiff arising under prior similar contracts between the same parties. In an action to recover upon the guaranty of payment of the existing indebtedness, it is *held* that, though notice of acceptance of the guaranty as to future sales was essential to the validity of the contract in that respect, no such notice was necessary as to the guaranty of payment of the existing indebtedness; the same being an absolute agreement to pay the debt.

**Release of guarantor — departure from contract.**

A material departure from the terms of a prior contract between the same parties, and under which the indebtedness arose, and which would have released the guarantors if action had been brought thereon, *held* not available as a defense to the present action, founded upon a new and independent guaranty of payment.

**Same — extension of time.**

Evidence *held* not to sustain the claim that an extension of time of payment was given the principal debtor, which released the guarantors.

**Order not appealable.**

An order denying a motion for judgment notwithstanding a verdict, not coupled with the alternative motion for a new trial, is not appealable.

Action in the district court for Blue Earth county to recover $813.79, upon a written contract. The complaint alleged that, at the time of the execution and acceptance of the agreement, there was due to plaintiff from defendant McCall the sum of $848.37,

[1] Reported in 133 N. W. 966.

[Note] Necessity of notice of acceptance to bind guarantor, see note in 33 L.R.A. (N.S.) 960.

which the defendants by the conditions of the agreement promised to pay. Defendant Schweitzer, in his separate answer, alleged that he signed the instrument as an offer of guaranty for which no consideration passed from plaintiff; that it was not signed at plaintiff's request and he denied specifically he received any consideration for making such offer or was ever notified the offer was accepted; that during the existence of the agreement plaintiff and defendant McCall, without the knowledge of the other defendants, wholly disregarded the terms and conditions of the agreement in a manner totally inconsistent with its terms regarding the payment of the account of defendant McCall, and plaintiff waived the conditions of the agreement in several particulars, one of which was by extending the time of payment for the goods; that plaintiff did not notify either of the other defendants that defendant McCall had not lived up to his agreement, and they did not have knowledge of such facts. The answer also alleged that the agreement terminated January 31, 1905, and plaintiff fully knowing the facts wrongfully neglected to inform defendants. Similar allegations were made concerning the agreements executed in the years 1905 and 1906; that plaintiff annulled the agreement with defendant McCall in November, 1906, without notifying the other defendants who received no notice of any default from plaintiff until April, 1908; that if, at the time of cancelation of the agreement, notice had been given to the other defendants, they would have been able to collect from defendant McCall all of the amount for which he was indebted. Defendants Schroeder and Murphy also filed a separate answer.

The case was tried before Pfau, J., who at the close of the case denied defendants' motion to direct a verdict for the defendants Schweitzer, Schroeder and Murphy, and denied the motion of plaintiff for a directed verdict in its favor. The jury returned a verdict in favor of plaintiff for $685.22. From an order denying defendants Schweitzer, Schroeder and Murphy's motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

From an order denying plaintiff's motion for judgment notwith-

standing the verdict in the full sum of $813.79, it appealed.   Appeal dismissed.

*A. R. Pfau, Jr., C. J. Laurisch,* and *Tawney, Smith & Tawney,* for plaintiff.

*C. L. Benedict* and *C. O. Dailey,* for defendants Schweitzer, Schroeder and Murphy.

BROWN, J.

The facts in this case are substantially as follows:   Plaintiff is a corporation engaged in the business of manufacturing and selling patent medicines and household remedies of various sorts.   The sales of its products are made through representatives located in different parts of the state and elsewhere.   In 1904 plaintiff entered into a contract with defendant McCall, in and by the terms of which plaintiff sold and agreed to deliver to McCall such of its products as he might from time to time order, to be by McCall sold from house to house within the territory mentioned in the contract.   By the terms of the contract McCall was designated as the "traveling salesman" of plaintiff, but the products delivered to him became his property, and he was given the option of two methods of making payment therefor:   (1) By remitting weekly as sales were made; or (2) by paying in cash within ten days from date of the bill of goods shipped, receiving in that case a discount of three per cent. The contract extended for one year, and expired about January 1, 1905.   Defendants Schweitzer, Schroeder, and Murphy guaranteed the faithful performance of the contract by McCall, and agreed to become responsible for the payment of any indebtedness incurred by him thereunder.   This guaranty was in writing, attached to and made a part of the contract.

At the expiration of the contract a new one of the same import was entered into for the ensuing year; defendants Schweitzer, Schroeder, and Murphy being guarantors as before.   That contract contained the provision:   "At the expiration of this contract, the J. R. Watkins Medical Company hereby agrees to make a new contract with said traveling salesman, without requiring his account to be paid in full at the time, provided the amount of his business

and the conduct of the same has been satisfactory to said company."
Before the expiration of that contract, a third one was entered into,
in the same form as the preceding contract, and defendants again
became guarantors. The contract of guaranty was in the following
language: "For and in consideration of the appointment of the
above-mentioned traveling salesman, we hereby agree to be jointly
and severally responsible to said The J. R. Watkins Medical Com-
pany for the faithful performance of this contract on the part of
said traveling salesman, as outlined on back of this agreement, and
for the payment of any balance that may be due said company by
him at date of acceptance of this contract." At the time this third
contract was entered into, McCall was indebted to plaintiff for
goods received under prior contracts, then due and unpaid, in the
sum of $848.37, which was reduced by payments during the life of
the third contract to the sum of $813.79.

This action was brought to recover that amount, with interest, and
the action is predicated, as to defendants Schweitzer, Schroeder,
and Murphy, upon their guaranty attached to and made a part of
the third contract. The guarantors, Schweitzer, Schroeder, and
Murphy, alone answered, setting up several defenses, and the ques-
tions raised thereunder will be disposed of in their order. Plain-
tiff had a verdict, and defendants appealed from an order denying
their alternative motion for judgment or a new trial.

1. It is contended that the court below erred in not dismissing
the action at the close of the plaintiff's case, and in refusing to di-
rect a verdict for defendants, because the evidence failed to show
an acceptance by plaintiff of defendants' contract of guaranty. We
do not sustain this contention.

Whether the formal acceptance of a contract of guaranty like
that involved in the case at bar, as applied to sales of goods upon
credit in the future, is essential to the validity of the contract, is a
question upon which the courts are hopelessly in conflict. In a note
to Wm. Deering & Co. v. Mortell (S. D.) 16 L.R.A.(N.S.) 352,
numerous authorities are collected, showing the diversity of opinion
upon the subject. The case of Winnebago Paper Mills v. Travis, 56

Minn. 480, 58 N. W. 36, is in line with those courts which hold to the rule that acceptance and notice thereof by the guarantee is necessary. And while the rule requiring notice of acceptance is applied in the abstract by probably a majority of the courts, the existence of certain facts in respect to the contract is held to render the formal acceptance unnecessary—for illustration, the receipt of a valuable consideration. And the courts also distinguish between the conditional and the absolute undertaking on the part of the guarantor, applying the rule of acceptance only to the conditional agreement; but contracts substantially in the language of that at bar have been treated by some courts as conditional and by others as absolute engagements. But it is unnecessary to further pursue the subject. The question is not involved in the case now before us.

It may be conceded, under the authority of the Winnebago Mills case, that as to future sales of goods to McCall under the contract in question the guaranty of defendants was conditional, and notice of acceptance was necessary. But no claim is made for goods sold subsequent to the time the contract was entered into. On the contrary, the action is founded upon that part of the contract by which defendants guaranteed the payment of any indebtedness due to plaintiff from McCall under the prior contracts. The contract of guaranty in this respect made defendants responsible for the payment of the existing indebtedness, and is clearly independent of that part of the guaranty having reference to future sales to be made to McCall. This distinction was made in the Winnebago Mills case; the court there holding that as to future sales an acceptance was necessary, but as to the existing indebtedness, which the guarantors there agreed to pay, no recovery could be had, for the reason that by a proper application of payments subsequently made by the debtor that indebtedness had been paid and discharged. There can be no serious question in this case but that defendants' guaranty of payment of the existing indebtedness was an absolute and not a conditional undertaking, and as to that no notice of acceptance was necessary. Lehigh Coal & Iron Co. v. Scallen, 61 Minn. 63, 63 N. W. 245; 20 Cyc. 1408, and cases cited in note 64.

Nor is it material that the amount of the existing indebtedness

was not made known to defendants at the time they signed the contract. The indebtedness referred to, and of which they guaranteed the payment, arose out of the prior contracts to which they were parties, and represented an unpaid balance due from McCall to plaintiff. Defendants could have readily ascertained the amount by inquiring of McCall, at whose instance they signed the guaranty, and it was a fact definitely known at the time, though not communicated to defendants. There was, therefore, no such uncertainty as to render the contract a nullity. The consideration for the promise was sufficient as a matter of law. As expressed in the writing it was, in substance, in consideration of the appointment of McCall as traveling salesman we guaranty payment of the existing debt. By the same instrument and on the faith of the guaranty McCall was appointed and continued thereafter as plaintiff's traveling salesman.

It follows, therefore, since the guaranty was an absolute and unconditional promise to pay, was based upon a sufficient consideration, and was in all respects valid, that plaintiff may recover thereon, unless the further contentions of defendants be resolved in their favor.

2. The contract between plaintiff and McCall definitely and specifically defined the terms of the agency thus created. It provided for the sale of plaintiff's goods to McCall, and appointed McCall as traveling agent for the sale thereof from house to house. McCall had the option of making payment by weekly remittances, or by cash within ten days after receipt of a particular order of goods, and he specifically obligated himself faithfully to perform the contract, and to make weekly reports and remittances as therein required.

It is contended by defendants that plaintiff failed and neglected to require of McCall the performance of the second year contract, and that without notice to or knowledge of defendants it consented to and permitted a material departure therefrom, in this: That McCall was permitted to retain of the proceeds of sales made by him the sum of $188 for his personal use, in violation of the terms of the contract requiring weekly remittances for sales made. And de-

fendants insist that this departure from the express terms of the contract amounted in law to a release and discharge of their obligations as guarantors.

The contract of guaranty in cases like that at bar, where the guarantors become responsible for the faithful performance of a contract entered into by a sales agent for the future sale of goods for the guarantee, so clearly resembles in many respects the contract of suretyship that the authorities, in determining the rights and liabilities of the parties, apply the same rules of law to both relations. 20 Cyc. 1400. And it is generally held, in contracts of guaranty, that any material departure from the terms of the contract between the guarantee and the agent, or in the manner of its execution, will release the guarantor. 20 Cyc. 1443; Fidelity Mutual Life Assn. v. Dewey, 83 Minn. 389, 86 N. W. 423, 54 L.R.A. 945; Morrison v. Arons, 65 Minn. 321, 68 N. W. 33; Osborne v. Van Houten, 45 Mich. 444, 8 N. W. 77; Evans v. Lawton (C. C.) 34 Fed. 233; Weed v. Winchel, 107 Ind. 260, 7 N. E. 881.

Within the rule stated, it may be conceded, for the purposes of the case, that, had this action been founded upon the guaranty attached to the second year contract, under which the departure complained of was permitted by plaintiff, no recovery could be had. But the action is not founded upon that contract, and the rule stated has no application. There is no controversy that at the end of the second year McCall was actually indebted to plaintiff under the former contracts in the amount already stated, and that this indebtedness existed when the contract in suit was entered into. By this third and last contract defendants guaranteed the payment of that debt, and upon that guaranty the present action is based. It was a new and independent contract, and, conceding a valid defense, had the other contract been sued on, defendants by making the new promise waived the same, and cannot now be heard to assert it. Hooper v. Pike, 70 Minn. 84, 72 N. W. 829, 68 Am. St. 512. For the same reason, if the consent of plaintiff to the withholding by McCall of moneys for goods sold amounted to an extension of the time of payment which, within the law of principal and surety, would discharge the latter, the new promise was a waiver thereof and subjected defendants to a new and original liability.

3. It is further claimed that there was a valid extension of the time of payment of this debt given by plaintiff to McCall after the present guaranty contract was entered into, which released defendants. The trial court charged the jury that there was no evidence of any such extension, and the instruction is assigned as error. We concur with the trial court in its view of the evidence as applied to the facts disclosed. At the time the contract of guaranty was signed by defendants, the debt agreed to be paid was due and payable, and, though plaintiff appears to have been indulgent and agreed not to press for immediate payment, its action in the premises was not, within the law of principal and surety, an extension of the time of payment, which released the sureties. First State Bank of Montgomery v. Schatz, 104 Minn. 425, 116 N. W. 917. At no time subsequent to plaintiff's consent to the delay in payment was it prevented from maintaining an action to recover the debt. In other words, the alleged extension would not have constituted a defense, had such an action been brought. Mason v. Edward Thompson Co. 94 Minn. 472, 103 N. W. 507.

4. On the trial the court instructed the jury to deduct the amount of money which plaintiff permitted McCall to retain from the proceeds of sales made by him from the amount of the original indebtedness, and, if they found the other issues in favor of plaintiff, to return a verdict accordingly. Plaintiff excepted to this instruction, and subsequently moved for judgment notwithstanding the verdict; the claim being that plaintiff was entitled to the whole amount and that the deduction was unauthorized. The court denied this motion, and plaintiff appealed. The appeal is dismissed. The motion was not in the alternative, for judgment or a new trial, but was limited to an application for judgment. An order made upon such a motion is not appealable. Oelschlegel v. Chicago Great Western Ry. Co. 71 Minn. 50, 73 N. W. 631; 4 Notes on Minn. Cases, 352.

This covers all that is necessary to be said, and results in the conclusion that the trial court properly disposed of the questions presented by defendants, the evidence sustains the verdict, and the record presents no reversible error.

Order affirmed.