## STONE-ORDEAN-WELLS COMPANY v. JOHN HELMER AND ANOTHER.[1]

April 25, 1919.

No. 21,111.

**Guaranty — notice of acceptance unnecessary.**

The letter of credit set out in the opinion *held* to constitute an unconditional promise to pay by the guarantor and that notice of the acceptance thereof by the creditor was not necessary.

Action in the district court for St. Louis county to recover $800 upon a contract of guaranty. The facts are stated in the opinion. The case was tried before Ensign, J., who when plaintiff rested granted defendants' motion for a directed verdict. Plaintiff's motion for judgment notwithstanding the verdict was denied. From an order granting plaintiff's motion for a new trial, defendants appealed. Affirmed.

*Alford & Hunt* and *Fryberger, Fulton & Spear*, for appellants.

*Courtney & Courtney*, for respondent.

BROWN, C. J.

The material facts in this case are not in dispute. It appears that one McDonald was a retail grocery dealer doing business in the city of Duluth. In February, 1916, he was indebted in a considerable amount to plaintiff, a wholesale dealer, for goods and merchandise theretofore sold and delivered to him, and he applied for further credit for additional goods. Plaintiff declined further credit, unless McDonald gave adequate security for the payment of the same, and suggested that he procure some responsible parties to sign a letter of credit in an amount sufficient to cover his present needs, the suggestion being accompanied with a form of such a letter. Whereupon McDonald applied to defendants in this action and procured them to become his sureties, and to that end

[1]Reported in 171 N. W. 924.

each signed a document, addressed to plaintiff, in the following language:

"Duluth, Minn., Feb. 2, 1916.

"Stone-Ordean-Wells Company,

    "Duluth, Minn.

"Gentlemen:—

"We, the undersigned, in consideration of the sum of one dollar ($1.00) to me in hand paid, receipt whereof is hereby acknowledged and the further extension of credit granted by Stone-Ordean-Wells Company to Knowlton Grocery Company (Alex McDonald, proprietor) * * * shall at any time be owing to said Stone-Ordean-Wells Company, its successors or assigns, on account of goods heretofore or hereafter sold, whether said indebtedness is in the form of notes, bills or open account. This shall be an open and continuing guaranty and shall continue in force notwithstanding any change in the form of such indebtedness, or renewals or extensions granted by you, without obtaining my consent thereto, and until expressly revoked by written notice from me to you, and any such revocation shall not in any manner affect my liability as to any indebtedness contracted prior thereto.

"Notice of indebtedness and of default in payment are hereby waived. Liability under this guarantee shall at no one time exceed the sum of $800.

"Witness:                                                    John Helmer,

"L. St. James.                                               H. Gazett."

McDonald presented the document so signed to plaintiff, and, upon the strength thereof as security, further credit was extended to him in an amount exceeding $800. McDonald subsequently became insolvent and filed a voluntary petition in bankruptcy, but the property turned over to the trustee was insufficient to pay his debts. The sum of $42.60 only was paid upon plaintiff's claim, leaving a balance due thereon of about $900.

This action was brought upon the contract of guaranty to recover the amount stipulated therein, namely, $800 with interest. Defendants by their answer admitted the execution of the contract, but alleged that they received no consideration therefor. The answer also contained a general denial. At the trial below plaintiff offered the letter of credit

in evidence and the sale and delivery of goods to McDonald in reliance thereon to an amount in excess of the stipulated limit of $800, and rested its case. Defendants were not present at the trial, being represented by counsel, and, after procuring a concession from counsel for plaintiff that defendant Helmer would testify to certain facts if present, both defendants rested without other showing in support of the defense. The concession of counsel was that if defendant Helmer were present he would testify that he signed the letter of credit, but that the first information he received from plaintiff on the subject was a letter of date November 10, 1916, calling attention to the guaranty and the sale of goods to McDonald thereunder and that plaintiff had filed its claim in the bankruptcy proceedings, concluding with the statement: "We notify you of this so in case you prefer to handle the matter in another way, you may advise us at once."

Counsel for defendants then requested an instructed verdict in their favor on the ground that plaintiff had failed to make out a case. The motion was granted, and a verdict directed accordingly. On subsequent reflection the learned trial judge became satisfied that it was error to so direct a verdict and he granted plaintiff's motion for a new trial. Defendants appealed.

It is contended in support of the appeal that the letter of credit was in law conditional, and ineffective as a valid contract until formally accepted by plaintiff and notice thereof given to defendants. That was the theory on which the verdict was directed by the court below, and if that view of the contract be sound the action of the court was right and the verdict should stand, for no notice of acceptance was given to defendants. Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36. In our view of the matter the final conclusion of the trial court that the contract was not conditional, and therefore required no formal acceptance, is in harmony with the weight of authority and should be sustained.

As noted in the case of J. R. Watkins Med. Co. v. McCall, 116 Minn. 389, 133 N. W. 966, the question whether formal notice of acceptance is essential to the validity of a contract of guaranty of this kind, as applied to the future sale of goods on credit, is one upon which there is much conflict and confusion in the authorities. But notwithstanding

that general condition of the adjudicated cases, many of which would seem but offshoots of judicial tenderness in dealing with the rights and liabilities of sureties, it may be said to be well settled, on principle as well as the weight of authority, that no notice of acceptance is necessary where the contract of guaranty on its face acknowledges the receipt of a valuable consideration by the guarantor, however small, is definite as to time and duration and the amount of the indebtedness to be assumed and paid, and contains a specific and unconditional promise to pay the same on default of the principal debtor. Lehigh Coal & Iron Co. v. Scallen, 61 Minn. 63, 63 N. W. 245; Silver v. Kent, 105 Fed. 840; Buhrer v. Baldwin, 137 Mich. 263, 100 N. W. 468; Furst & Bradley Mnfg. Co. v. Black, 111 Ind. 308, 12 N. E. 504; Howe v. Nickels, 22 Me. 175; Sears v. Swift & Co. 66 Ill. App. 496; Cowan v. Roberts, 134 N. C. 415, 46 S. E. 979, 65 L.R.A. 729, 101 Am. St. 845; Scribner v. Schenkel, 128 Cal. 250, 60 Pac. 860; March v. Putney, 56 N. H. 34; J. R. Watkins Med. Co. v. Brand, 143 Ky. 468, 136 S. W. 867, 33 L.R.A. (N.S.) 960, and note.

We are not to be understood as holding or intimating that all the conditions stated must appear in the contract to render notice of acceptance unnecessary. They did not all appear in the contract involved in the case of Lehigh Coal & Iron Co. v. Scallen, supra, where a writing much less specific was held an unqualified and unconditional guaranty. But we do hold that when all do appear on the face of a particular contract, the obligation and promise to pay is as much absolute and unconditional as the guaranty of the payment of a promissory note indorsed on the back thereof and a notice of acceptance will add nothing, and advise the guarantor of no fact for his protection which he does not presumptively know and assume by his unqualified promise to pay. Such is the case at bar and the rule stated applies and controls the rights of the parties under this contract. The fact that there was no evidence, showing by whom the consideration acknowledged by the letter of credit was paid, is of no importance. Presumptively it was paid by the party to be benefited by the contract.

The rule applied by the Supreme Court in Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 6 Sup. Ct. 173, 29 L. ed. 480, and Davis v. Wells, 104 U. S. 159, 26 L. ed. 686, is not opposed to but rather sup-

ports the view here taken of this contract. In J. R. Watkins Med. Co. v. McCall, 116 Minn. 389, 133 N. W. 966, the form of guaranty there involved might well enough have been held an unconditional undertaking, but the point not being involved it was treated for the purposes of the case as conditional within the rule of Winnebago Paper Mills case. Northern Nat. Bank v. Douglas, 135 Minn. 81, 160 N. W. 193, is not in point. In that case the guaranty was signed without the payment of a consideration and without knowledge that the guarantee had notice of its existence, and was left in an attorney's office without directions as to delivery. In the case at bar the plaintiff demanded the guaranty as a condition to further credit to McDonald, and defendants at McDonald's request signed and caused a delivery thereof to plaintiff for the purpose of securing the additional credit. In this there was a sufficient consideration to support the contract whether the one dollar acknowledged by the writing was paid or not. Cowan v. Roberts, 134 N. C. 415, 46 S. E. 979, 65 L.R.A. 729, 101 Am. St. 845; Evansville Nat. Bank v. Kaufmann, 93 N. Y. 273, 45 Am. St. 204; 12 R. C. L. 1076.

This disposes of the case and the order appealed from must be and is affirmed.