## WYMAN, PARTRIDGE & COMPANY v. PETER BIBLE, SR.[1]

### July 22, 1921.

### No. 22,411.

**Guaranty — notice of acceptance to guarantor.**

    1. An agreement to accept an offer of guaranty is necessary to complete a valid contract, but the agreement to accept may precede the execution of the guaranty by the guarantor, and, when it does, no further notice to the guarantor of acceptance by the guarantee is necessary.

[1]Reported in 184 N. W. 45.

**Guaranty "against loss."**

2. A guaranty "against loss" is a guaranty of collection, and, before resort can be had to the guarantor on such a guaranty, the creditor must exhaust his remedy against the principal.

**Question for jury.**

3. Whether the guaranty involved in this case covered purchases of goods made 19 months after the guaranty was given, was, under the cir-cumstances of the case, a question for the jury.

Action in the district court for Benton county to recover $87.78 balance due for goods sold and delivered. Defendant's motion to dismiss the action was denied. The case was tried before Roeser, J., who at the close of the testimony denied motions for directed verdicts, and a jury which returned a verdict in favor of defendant. Plaintiff's motion for judgment notwithstanding the verdict, was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Dodge & Webber* and *K. L. Hjort,* for appellant.

*Morgan J. Flaherty,* for respondent.

HALLAM, J.

Plaintiff is a wholesale dealer in dry goods. In the summer of 1916, Peter Bible, Jr., was planning to open a store at Foley and ordered goods to the amount of $4,360, to be shipped October 1. On July 26 plaintiff wrote Peter, Jr., stating "we understood that your father was to be a partner with you, but we see that your goods were purchased in your name," and asking that his father "acknowledge the fact that he is a partner * * * or else favor us with a guaranty for which purpose we are inclosing one of our guaranty forms." Peter, Jr. took the guaranty to defendant, his father, told him plaintiff wanted the guaranty before shipping the goods; defendant signed the guaranty by mark and Peter, Jr. mailed it to plaintiff and plaintiff shipped the goods.

The guaranty was in form as follows: "For value received I hereby guarantee to save you from loss on account of merchandise sold, or to be sold, by you to Peter Bible, Jr., of Foley, Minnesota."

This order of goods was later paid for in full. Peter, Jr. bought goods

on account from time to time, in all about $7,600 worth, up to August, 1917, when the account was settled by his giving a note which was paid. After that Peter, Jr. was not accorded credit, but made some small purchases for cash until February, 1918, when he purchased on credit a bill of goods amounting to $212.38. On this purchase there is an unpaid balance of $87.78, to recover which this action was brought. The jury found for defendant. Plaintiff moved for judgment notwithstanding the verdict, but not for a new trial. The motion was denied and from the judgment entered plaintiff appeals.

Since plaintiff moved only for judgment notwithstanding the verdict, the only question on appeal is whether the evidence is conclusive against the verdict. National Cash Register Co. v. Merrigan, 148 Minn. 270, 181 N. W. 585. Errors in rulings on the trial, or in the charge, furnish no ground for judgment notwithstanding the verdict.

A determination of the question whether the evidence is conclusive against the verdict, involves a consideration of the nature of this guaranty and of the rights of the parties under it.

1. No notice of acceptance of the guaranty was required. In general it may be said that an agreement to accept an offer of guaranty of future indebtedness is the material assent necessary to complete a valid contract between the guarantee and the guarantor. Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36; Northern National Bank v. Douglas, 135 Minn. 81, 160 N. W. 193; Burns v. Poole, 106 Minn. 69, 118 N. W. 156. But the agreement to accept may precede the execution of the contract by the guarantor, and, when an instrument of guaranty is executed and delivered, not as an offer of guaranty, but as an acceptance of a proposition coming from the guarantee, no further notice to the guarantor of acceptance by the guarantee is necessary. Lehigh Coal & Iron Co. v. Scallen, 61 Minn. 63, 63 N. W. 245. See also J. R. Watkins Medical Co. v. McCall, 116 Minn. 389, 133 N. W. 966; Stone-Ordean-Wells Co. v. Helmer, 142 Minn. 263, 171 N. W. 924. This is just such a case. Plaintiff made the proposition to take the guaranty of defendant. When defendant executed and delivered the guaranty, the proposition was accepted and the contract was complete.

2. The guaranty is a guaranty of collection, not of payment. A

guaranty "against loss" is a guaranty against loss from failure to collect. See 20 Cyc. 1447.

Before resort can be had to the guarantor on such a guaranty, the creditor must exhaust his remedy against the principal, that is, he must bring suit against him, prosecute it to judgment and return of execution, unless it is made to appear that the principal is hopelessly insolvent. Brackett v. Rich, 23 Minn. 485, 23 Am. Rep. 703; Crane v. Wheeler, 48 Minn. 207, 50 N. W. 1033. There is no evidence that plaintiff proceeded against the principal in this case, nor that the principal was hopelessly insolvent. There is evidence that he was forced into involuntary bankruptcy in 1918, but no showing as to the condition of his estate, nor as to whether he was discharged from his debts, nor as to his present financial condition.

3. Perhaps the most decisive question in the case is whether the guaranty continued and covered items of goods sold in 1918. We are of the opinion that, under the evidence in this case, that question was one of fact for the jury. The language of the guaranty is not decisive. The broadest language in a continuing guaranty is construed as limited to a time which is reasonable, taking into consideration, not merely the language of the guaranty, but all the circumstances of the case. Lehigh Coal & Iron Co. v. Scallen, 61 Minn. 63, 63 N. W. 245. When no time is fixed and there is nothing in the agreement indicating a continuance of the undertaking, the presumption is in favor of a limited liability as to time. Twohy v. McMurran, 57 Minn. 242, 59 N. W. 301. See also Birdsall v. Heacock, 32 Oh. St. 177, 30 Am. Rep. 572; Finnucan v. Feigenspan, 81 Conn. 378, 71 Atl. 497.

In this case the demand for the guaranty and the giving of the guaranty were prompted by the large initial sale in the summer of 1916. Nothing was said in the correspondence as to other purchases. The words "sold or to be sold" in the contract do not necessarily imply a continuing transaction. The original sale had not yet been concluded. The account was virtually closed in 1917 and remained closed for more than six months when it was again opened in February, 1917. Clearly there is evidence to sustain a finding that these 1917 sales were not within the contemplation of the contract of guaranty.

Judgment affirmed.