JOHN WILLOUGHBY and Another v. ST. PAUL GERMAN INSURANCE COMPANY and Others.[1]

July 11, 1900.

Nos. 12,120—(122).

**Insolvent Corporation—Substitution of " Representatives " of Defendant Stockholder.**

Action to enforce stockholders' liability. One of the defendant stockholders, who appeared and answered, died testate pending the action. His executors settled his estate, the residue thereof was duly assigned to and delivered to the appellants herein as legatees and devisees, and the executors discharged without having been substituted as defendants herein. Thereafter the creditors prosecuting this action learned for the first time of the death of such defendant. Thereupon the court, on their motion and personal notice to the appellants, made its order substituting them as defendants herein in place of the deceased defendant, as his representatives and successors in interest. *Held*, construing G. S. 1894, § 5171, that the court had power to make such order, and properly exercised it.

Appeal by Louisa L. Campbell and others from an order of the district court for Ramsey county, Brill, J., substituting them as defendants in place of Thomas B. Campbell, deceased. Affirmed.

*Palmer & Beek*, for appellants.

In ·the absence of some reason, to be found in the context, for placing another construction on the term, "personal representative" means the executor or administrator. Walter v. Hensel, 42 Minn. 204. There is nothing in the context of the statute disclosing any reason for extending the meaning. People v. Fleming, 2 N. Y. 484; Beach v. Reynolds, 53 N. Y. 1; 2 Bouvier, Law Dict. 576. G. S. 1894, §§ 5912, 5913, have reference only to the survival of a cause of

[1] Reported in 83 N. W. 377.

action after the decease of a party, and not to its continuance after a person has become insane or otherwise incompetent or incapacitated. In construing these sections the personal representatives are the executors and administrators. Boutiller v. Steamboat Milwaukee, 8 Minn. 72 (97); Jones v. Tainter, 15 Minn. 423 (512); Atkinson v. Duffy, 16 Minn. 30 (45); Nash v. Tousley, 28 Minn. 5; Scheffler v. Minneapolis & St. L. Ry. Co., 32 Minn. 125; Hutchins v. St. Paul, M. & M. Ry. Co., 44 Minn. 5; Wilson v. Tootle, 55 Fed. 211. The construction contended for is aided by G. S. 1894, §§ 5148, 5925, 5927. Under section 5171, the action survived after the death of Campbell, but to his executors alone. Possibly under the decisions: In re Martin's Estate, 56 Minn. 420; Lake Phalen L. & I. Co. v. Lindeke, 66 Minn. 209, and Berryhill v. Peabody, 77 Minn. 59, if the hopeless insolvency of the company had not occurred until after his death, and possibly if the insolvency existed prior to, but no action had been commenced until after, his death, the next of kin would have been liable, and could have been joined as original defendants, and jurisdiction of their persons have been acquired by service of summons on them; although this is not conceded, for the facts in those cases do not warrant such conclusion. But this is a different case. The last clause throws light on the preceding one, and shows clearly that the successor in interest referred to is the successor to an interest in property which is the subject of the litigation. The words "In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be added or substituted in the action" refer to a transfer of property which is the subject of the action, and not to a devolution of liability. While there are plenty of cases where the successor to the property interests has been substituted (as in Waite v. Coaracy, 45 Minn. 159; Boeing v. McKinley, 44 Minn. 392; Bradley v. Northern Pac. R. Co., 38 Minn. 234; Lee v. O'Shaughnessy, 20 Minn. 157 [173]), we have found but one or two where question concerning the meaning of the term as used in the statute has been raised. See Wickham v. Stern, 28 N. Y. St. 154; Coit v. Campbell, 82 N. Y. 509; Higgins v. Mayor, 136 N. Y. 214. The provision of the Minnesota statute is not like that of Wisconsin (R. S. § 2801) or that of New York (Ann.

Code Civ. Proc. § 756), both of which provide that in case of a transfer of interest, or "devolution of liability," the court may substitute the person to whom the interest is transferred, or upon whom the "liability is devolved." Wisconsin and New York also have provisions similar to our section 5171. See R. S. Wis. § 2803; Bliss, N. Y. Ann. Code, §§ 757, 759.

If it be conceded that had Campbell died before the cause of action arose or before the commencement of this action, and that his estate passed into the hands of the next of kin without the intervention of an executor, a suit direct against the next of kin would lie; and if it be further conceded that after the discharge of the executors, the next of kin may be brought in as original defendants, they can only be brought in on supplemental complaint and by service of summons; and that cannot be done in the case at bar, or, if done, it would be ineffectual because the right of action arising out of the stockholder's liability is barred by the statute of limitations.

In any event, application for substitution comes too late for there is no excuse shown for the delay and failure to have the guardian or executors substituted during their administration. The mere fact that the attorneys of record for Campbell had not appeared in court at any time during the five years the trial of the action was pending was sufficient to put the parties and their counsel on inquiry.

*James E. Trask*, for respondents.

START, C. J.

Action on behalf of creditors, under G. S. 1894, c. 76, to enforce the constitutional liability of the stockholders of the defendant insurance company for their claims against it.

One of the original defendants was Thomas B. Campbell, who appeared, and answered admitting that he was the owner of ten shares of the stock of the insurance company, of the par value of $1,000. The trial of the action commenced March 5, 1895, and was continued from time to time, until June 10, 1899, and a decision was filed therein June 16, 1899. After the cause was noticed for trial, and on March 4, 1895, the defendant Campbell was adjudged insane, and

on May 5, 1897, he died testate. His will was probated and allowed in the probate court of the county of Ramsey, and executors thereof were duly appointed, who settled his estate. On February 9, 1898, the residue of his estate, consisting of real and personal property of the alleged value of more than $100,000, was by the decree of the probate court duly assigned to Louisa L. Campbell, Frederick H. Campbell, and T. R. Palmer, as guardian of Frank G. Campbell, to whom the executors delivered such residue, and were duly discharged. Neither the creditors actively prosecuting this action nor their attorney had any notice of the insanity and death of the defendant Thomas B. Campbell until after the decision was filed in this case directing judgment against him and other defendant stockholders for the amount of their liability on the stock held by them, respectively. Thereafter, and on November 4, 1899, the court, after hearing the parties, and on motion of creditors, made this order:

"Ordered, that the findings filed herein on June 16, 1899, in so far as the same relate to Thomas B. Campbell, are set aside; that Louisa L. Campbell, Frederick H. Campbell, Frank G. Campbell, and T. R. Palmer, as guardian of Frank G. Campbell, are substituted as defendants in said action in place of Thomas B. Campbell, deceased, and that said action be continued against said substituted parties; and that within twenty days the creditors prosecuting said action file and serve a supplemental complaint, setting up the facts occurring since the commencement of the action upon which it is claimed said substituting parties are liable; that said substituting parties have twenty days thereafter in which to answer said supplemental complaint, and that said action then be tried as to the substituted parties, including a trial of the issues made by the answer of Thomas B. Campbell."

The substituted defendants appealed from the order.

The appellants claim, in effect, that the substitution of the executors of Thomas B. Campbell was essential to the continuance of the action as to his representatives or successors in interest, and that the action abated when the executors were discharged without any substitution having been made. The correctness of this claim is the principal question to be determined on this appeal. The question is one of original impression in this court. It ought to be solved in a practical way, and the order affirmed, if it can be done consistently with legal principles.

The cause of action against the defendant Campbell on his stock liability survived against his personal representatives (G. S. 1894, § 5912); that is, against his estate. The action did not abate upon his death, for an action does not abate by the death of a party if the cause of action survives, but may be continued, on motion, against his representatives or successors in interest. Section 5171. The word "representative," as used in this statute, is not necessarily limited to executors or administrators of the deceased person, the usual meaning of the term "personal representative." The word is used in section 5171, in the general signification of the term, as including not only executors and administrators, but also all who occupy the position held by the deceased party, succeeding to his rights and liabilities. Anderson, Law Dict. 883; McCampbell v. Henderson, 50 Tex. 601.

In the case cited the defendant in an action of debt died, and his executrix was made a party to the action. She also died before the termination of the action, and subsequently the heirs and devisees of the original defendant, who had succeeded to the title and possession of his property, were substituted as defendants. On appeal the supreme court held that there being no executor or administrator, and the heirs having possession of the property, and being liable for the debt of the original defendant to the extent of his estate received by them, they were in such sense the representatives of their ancestor that the pending action might be revived against them. The case cited is specially significant for the reason that the language of the statute of Texas is to the effect that, if the defendant die pending the suit, his executor or administrator may be made a party, and the suit prosecuted to judgment, while our statute provides that in such a case the action may be continued against the representative or successor in interest of a deceased defendant.

The claim originally made by the creditors against the defendant in this case, Thomas B. Campbell, was not provable against his estate in the probate court. In re Martin's Estate, 56 Minn. 420, 57 N. W. 1065. After his death his liability as a stockholder, sought to be enforced in this action, became a liability against his estate, of which his executors were the representatives. But before the liability was satisfied the executors were discharged without ever

having been made parties to the action. The liability of the estate was not thereby extinguished, nor did this action abate; for on the discharge of the executors the appellants, as legatees and devisees, succeeded to the estate, and the liability immediately devolved upon them to the extent of the property received by them. Hantzch v. Massolt, 61 Minn. 361, 366, 63 N. W. 1069. They then became the representatives of the deceased defendant, within the meaning of the statute, for they then occupied his position at the time of his death, succeeding, as they did, to his estate and his liability. The action is still pending, and the appellants, as such representatives, are not only proper, but necessary, parties thereto, if the liability of their ancestor, which is now their liability, is to be enforced. They are within the jurisdiction of the court, and the liability must be enforced in this action, if at all. Hanson v. Davison, 73 Minn. 454, 76 N. W. 254.

But the appellants claim that, in any event, they could only be brought into the action as parties upon a supplemental complaint and the service of summons. Prior to the amendment of G. S. 1866, c. 66, § 36 (the original of G. S. 1894, § 5171), by Laws 1876, c. 46, an action in case of the death of a party could, after the expiration of one year, only be continued by supplemental complaint in the nature of a bill of revivor. Lee v. O'Shaughnessy, 20 Minn. 157 (173). But since the amendment, the remedy is by motion for substitution. Lough v. Pitman, 25 Minn. 120. The trial court fully protected the rights of the appellants by its order.

Again, it is claimed that the motion for substitution ought to have been denied by the court on account of the delay of the creditors in making the application for substitution. This was a matter resting largely in the discretion of the trial court, and it properly exercised its discretion. Our conclusion is that this action did not abate as to the estate of the deceased defendant, Campbell, on the discharge of his executors, without having been substituted, and that the appellants were properly substituted as defendants in the action.

Order affirmed.