A. A. ARGALL v. T. A. SULLIVAN and Others.[1]

April 26, 1901.

Nos. 12,532—(30).

## Insolvent Corporation—Recovery of Unpaid Subscriptions.

Under the provisions of G. S. 1894, c. 76, § 5897, authorizing actions against insolvent corporations (after judgment and execution returned unsatisfied) to sequestrate their property and recover unpaid subscriptions of stock, such action may be brought by the assignee of such judgment, as well as by the judgment creditor himself.

[1] Reported in 85 N. W. 931.

Action in the district court for Polk county by the assignee of a judgment creditor of defendant corporation, East Grand Forks Fair & Driving Association, for sequestration of its property and enforcement of the statutory liability of its stockholders. From an order, Watts, J., overruling a demurrer to the complaint, defendant T. A. Sullivan and other stockholders appealed. Affirmed.

*Grover & Massee* and *A. C. Boylan,* for appellants.

*Montague & Morrison,* for respondent.

LOVELY, J.

A judgment was obtained against a corporation known as the "East Grand Forks Fair & Driving Association" for a substantial sum. Execution was issued thereon, which was returned unsatisfied, and the corporation has no property to satisfy this or claims of other parties to whom it is indebted. The judgment was assigned to the present plaintiff, who brings this action to sequestrate the property of defendant, and to collect unpaid subscriptions for stock from stockholders, who are also made defendants in the action.

The prayer for relief asks for a receiver to bring action for such unpaid subscriptions; also to distribute the amount collected pro rata, under the provisions of G. S. 1894, c. 76, entitled "Actions Respecting Corporations." A demurrer was interposed to the complaint upon several grounds, viz.: (1) That plaintiff had not legal capacity to sue; (2) the plaintiff was not the proper person to maintain the action; (3) that several causes of action were improperly joined; and, (4) that the complaint does not state facts sufficient to constitute a cause of action,—none of which, save the last, is worthy of serious consideration.

In our opinion, the complaint contains all the essential averments necessary to authorize the appointment of a receiver to take charge of the property of the corporation, and to hold the parties defendant liable as stockholders (after judgment and return of an unsatisfied execution) for the amount of unpaid stock subscriptions, under G. S. 1894, § 5897, unless that section requires such action to be brought by the original creditor, and

cannot be maintained by his assignee. Section 5897, supra, provides that:

"Whenever a judgment is obtained against any corporation incorporated under the laws of this state and an execution issued thereon is returned unsatisfied in whole or in part, upon the complaint of the person obtaining such judgment, or his representatives, the district court within the proper county may sequestrate the stock, property, things in action and effects of such corporation, and appoint a receiver of the same."

This section is followed by other provisions of chapter 76, for the sequestration of the property of the corporation, and a suit for a deficiency against the stockholders to enforce collection of the same. It is earnestly urged by appellants that the section quoted only authorizes a suit by the judgment creditor, or, on his death, by his executor or administrator, and the words "person obtaining such judgment or his representatives" do not extend to an assignee of such judgment.

The contention of the counsel for appellant is that there should be a strict construction of the words quoted, and that, while the person who obtains a judgment as plaintiff might have the right of action, his assignee would not have such right. This is a remedial statute, to be liberally construed, to effect, instead of to restrict, the remedy. The construction contended for would restrain the right of the plaintiff to alienate his property, as well as to create an exclusive class to take the benefit prohibited to others without reason. Such view would, we think, defeat the obvious purpose of the law in a large number of cases that could be easily supposed to arise in its practical application. It would be absurd to hold that any such restraint was intended by the lawmakers, for there would be no sense in the view that the owner of a judgment against an insolvent corporation must be the person who recovered the same, as distinguished from the person who owns the same; such a strict construction of this statute would evidently defeat its purpose in many cases to which, in justice, it should apply.

Whether we extend the meaning of the words "person obtaining such judgment" to the person who obtains it either by recovery in his own name or by purchase, or apply to the word

"representatives" a more extended sense than to an executor or administrator, we can discover no real or apparent merit in the narrow and technical interpretation contended for by appellant. The complaint must be held to set forth a cause of action.

Order affirmed.