### E. F. ALFORD v. CONSOLIDATED FIRE & MARINE INSURANCE COMPANY.[1]

February 11, 1903.

Nos. 13,261—(242).

**"Legal Representatives."**

The phrase "legal representatives" is often used in statutes in a broad sense, so as to include all persons, natural or artificial, who by operation of law stand in the place of, and represent the interests of, another. It is in this broad sense that the phrase is used in the Minnesota standard form for insurance policies.

**Same—Receiver of Insolvent Corporation.**

A receiver appointed by the court for an insolvent corporation is its "legal representative," within the meaning of this phrase.

Action in the district court for St. Louis county to recover $1,000 upon a fire insurance policy. The case was tried before Dibell, J., who found in favor of plaintiff for the sum of $900. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Brown & Kerr*, for appellant.
*Alford & Hunt*, for respondent.

[1] Reported in 93 N. W. 517.

COLLINS, J.

Action upon an insurance policy, Minnesota standard form, issued by defendant, whereby and wherein it insured "S. J. Thomas Lumber Company and their legal representatives" against loss or damage by fire to the amount of $1,000. The cause was tried by the court below without a jury, and judgment was ordered for the amount of the loss, which was less than the face value of the policy. The appeal is from the judgment, a settled case having been duly allowed and signed by the court below.

The appellant's counsel present several assignments of error, but upon the issues made by the pleadings, tried by the court, and the stipulations made at the trial, none need be discussed, except that which raises the question, does the phrase "legal representatives," as found in the policy, embrace and include a receiver appointed by the court in proceedings against the insured under the insolvency law of this state? The phrase "legal representatives" was designed for some purpose by the legislature when it prescribed the standard form for all insurance policies in this state, and it cannot be wholly discarded, as having no meaning or object. The respondent here is the duly appointed, qualified, and acting receiver of the insured in insolvency proceedings, and its property and property rights have passed into his hands for the benefit of creditors. A natural person might have a legal representative other than an assignee or receiver in insolvency, or a trustee in bankruptcy, but a corporation—an artificial person—could not. It can have no heirs, or next of kin, or executor or administrator. So that if the phrase "legal representatives" is not applicable, and does not embrace a receiver in insolvency, it is entirely without meaning, and must be rejected as having no application where a policy is issued to a corporation. This is also true in cases where the insured is a partnership.

Counsel for the respondent contend that the language used should be construed to include a receiver for at least four distinct reasons, as follows: (1) Because that construction of the policy will be adopted which will give the language employed some meaning, rather than no meaning; (2) because that construction will

obtain which will sustain a recovery on the policy, in preference to one which will work a forfeiture; (3) because the construction urged by defendant company would deprive the language used of all meaning, and work a forfeiture upon occasion more than doubtful; (4) respondent's construction is the only rational one. The reasons why the court below should be sustained cannot be more concisely stated than in the foregoing language taken from the brief of counsel, and the statement need not be enlarged upon.

The phrase "legal representatives" is often used in statutes in a broad sense, so as to include all persons, natural or artificial, who by operation of law stand in the place of, and represent the interests of, another. 18 Am. & Eng. Enc. (2d Ed.) 814, and citations; Anderson, Law Dict. 883. It is in this broad sense that the phrase is used in the Minnesota standard form for insurance policies.

In conclusion it may be said that in several cases in this court the words "representative" or "legal representative" have received some consideration, although none of these cases can be cited as an authority here. See Walter v. Hensel, 42 Minn. 204, 44 N. W. 57; Ewing v. Warner, 47 Minn. 446, 50 N. W. 603; Schultz v. Citizens' Mut. Life Ins. Co., 59 Minn. 308, 61 N. W. 331; Willoughby v. St. Paul German Ins. Co., 80 Minn. 432, 83 N. W. 377; Argall v. Sullivan, 83 Minn. 71, 85 N. W. 931.

Judgment affirmed.