## CLOQUET LUMBER CO. v. BURNS.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1915.)

### No. 4333.

1. APPEAL AND ERROR ⬡859—SCOPE OF REVIEW.

Only rulings upon questions of law made by the trial court during the trial are reviewable on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3441–3445; Dec. Dig. ⬡859.]

2. APPEAL AND ERROR ⬡87—DECISIONS APPEALABLE—ORDER DENYING NEW TRIAL.

A motion for a new trial is a separate and independent proceeding, addressed to the discretion of the trial court, and no appeal lies from its decision thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 559–569, 577–596; Dec. Dig. ⬡87.]

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. APPEAL AND ERROR ⊛‑1064—HARMLESS ERROR—INSTRUCTIONS.

In an action for the value of timber cut from land lying between lots on which defendant owned the timber and a lake, the court, in charging upon the question of good faith, stated that everybody knew that defendant's lots, with their area and length of lines, could not possibly extend to the water, as a matter of physical fact. Defendant's assistant manager in charge testified that before the timber was cut he knew that the land on which plaintiff was living, and which he claimed, was between the lake and a meander line of an erroneous survey, and that it was never a part of the lake; that at one time they stopped at the meander line, but that later they went on and cut all of the timber from plaintiff's land; that what their rights were had not been determined by a court, and that they took their chances. Held, that the instruction, if erroneous, was not prejudicial, as there was little question but that such assistant manager knew that the lots upon which he had a right to cut timber did not extend to the lake, so far as could be determined by an observation of the surrounding country and the plat.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. ⊛‑1064.]

4. TRIAL ⊛‑295—INSTRUCTIONS—CONSTRUED AS A WHOLE.

Prejudicial error cannot be predicated on portions of the charge, where no prejudicial error appears when such portions are construed with the whole charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. ⊛‑295.]

5. TRIAL ⊛‑191—INSTRUCTIONS—STATEMENTS OF FACT.

In an action for cutting timber from land of which plaintiff had such possession as authorized him to maintain the action, a statement in the charge that plaintiff was in possession was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. ⊛‑191.]

6. COSTS ⊛‑277—REMEDIES FOR NONPAYMENT—STAYING TRIAL—DISCRETION.

Whether a trial after the reversal of a judgment for plaintiff should proceed notwithstanding plaintiff's failure to pay the costs of the first trial was a matter entirely within the discretion of the trial court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. ⊛‑277.]

7. ABATEMENT AND REVIVAL ⊛‑41—TRANSFER OF INTEREST—MOTIONS TO DISMISS.

On the trial of an action after the reversal of a judgment for plaintiff, defendant brought it to the court's attention that the judgment on the first trial had been assigned by plaintiff to a corporation composed of plaintiff, his wife, and his son, and moved to dismiss because plaintiff was not the real party in interest. It appeared that the assignment had been filed nearly two years before, and that defendant's counsel at that time had been furnished with a copy of the assignment. The corporation asked leave to continue the action in plaintiff's name, and such leave was granted. Held that, under Gen. St. Minn. 1913, § 7685, providing that no action shall abate by reason of the death or disability of a party or the transfer of his interest, if the cause of action continues or survives, the motion to dismiss was properly overruled, as the correct procedure was for plaintiff to move for a substitution of parties, and if he fails to do so for defendant to make such motion, especially as defendant's counsel had a copy of the assignment for two years before the motion was made.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 212–220; Dec. Dig. ⊛‑41.]

⊛‑For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. APPEAL AND ERROR ☞230—SCOPE OF REVIEW.

Matters only brought to the attention of the court by a motion for a new trial are not before the Circuit Court of Appeals for consideration on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞230; Trial, Cent. Dig. §§ 183–190, 680–682, 751, 819, 876.]

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by Granville A. Burns against the Cloquet Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William B. Phelps, of Duluth, Minn., for plaintiff in error.

Burt F. Lum, of Minneapolis, Minn. (John R. Van Derlip, of Minneapolis, Minn., R. R. Briggs, of Duluth, Minn., and George P. Wilson, of Minneapolis, Minn., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. [1, 2] This is an action to recover the possession of pine and spruce logs, or the value thereof in the event possession cannot be had. On writ of error the judgment for the plaintiff on the first trial was reversed and a new trial ordered. 207 Fed. 40, 124 C. C. A. 600. The only questions left open by this court by the former decision were the value of the logs and whether they were cut by the lumber company in good faith or as a willful trespasser. In view of the alleged errors argued by counsel for the lumber company, it will serve to explain our position with reference to the record by saying again, what has been so many times said before, that our power to review on writ of error extends only to rulings upon questions of law made by the trial court during the trial, and in a great majority of these rulings an exception must be taken and allowed in order to obtain a review thereof. The proceeding by motion in the trial court to obtain a new trial is a separate and independent proceeding, addressed to the discretion of that court, and no appeal lies from its decision thereon.

[3] The following portion of the charge given to the jury by the trial court was excepted to:

"But I think we will all agree that, under the testimony in this case, long before the cutting of this timber—nine years before the cutting of this timber—everybody knew, or ought to have known, that those lots there, with that area and that length of line, could not possibly come to that water.

"What I mean by that, I don't think everybody should know the principles of law governing the case. I am talking about the facts now. If you understood me to say that everybody should know the principles of law governing the case—Great Heavens! how could they? You understand the facts? There was the plat, and any man looking at that plat knew that those lines were not as long as they would be if they went to the actual lake. Everybody knew—after they found out about that lake being there as it was—that if they gave the man that bought the land on the plat all the land to the lake, he would get a great deal more land than the plat showed there was in the subdivision."

The charge above delivered was upon the question of good faith on the part of the lumber company. Counsel objected to the declaration by the court that before the cutting of the timber everybody knew, or ought to have known, that the lots upon which the lumber company owned the timber did not extend to the lake. The word "everybody" would include the officers and agents of the lumber company. The court, however, explained the matter objected to by stating to the jury that his statement as to the knowledge of everybody referred to the physical facts existing at the place where the timber was cut, and not to a knowledge of what the courts would hold as to the law. We think that, if there was error in the statement of the court objected to, it was without prejudice, in view of the fact that Henry C. Hornby, assistant manager of the lumber company at the time the timber was cut, and who had charge of the operation of the company's mill and operations in the woods, when on the stand as a witness, testified as follows:

"Q. Before the timber was cut you did know that all this land on which Burns was living, and which he claimed, was between the Howe meander line and the lake? A. Yes, sir. Q. And you knew then that it never was a part of the lake, didn't you? A. It was all high ground. Q. Could not have been a part of the lake? A. Could not have been, no sir—impossible. * * * Q. Do you know when the first cutting was done of timber under that deed? A. Not exactly. Q. Well, approximately? A. About 1893. Q. And you didn't cut down to the meander line at that time, or anywhere near it? A. No, sir. Q. Then your men went back about 1897? A. Yes, sir. Q. And cut more timber? A. Yes, sir. Q. At that time you stopped, as near as you could figure it, at the Howe meander line? A. Yes, sir. Q. Then you went on there in 1900 and 1901? A. Yes, sir. Q. And cut all of the timber from Mr. Burns' land? A. Yes, sir.' * * * Q. It comes right down to this, doesn't it, Mr. Hornby—that when you cut that timber, it hadn't been finally decided by any court what your rights were? A. Had not been any final courts. Q. That is what I mean—court of last resort? A. No. Q. You know that? A. Yes, sir. Q. You simply went on there, and cut that timber, and took your chances on what the final decision yould be? A. We went on and cut the timber. Q. You took— A. We cut the timber, and it had not been finally decided. Q. And you took your chances when you cut it? A. We certainly did."

The court's remarks were based upon the testimony in the case, and while the testimony did not show that everybody knew, the word "everybody" is only material as including the lumber company, and so far as Hornby was concerned there is not much, if any, question under the testimony but that Hornby knew the lots upon which he had a right to cut timber did not extend to the lake, so far as could be determined by an observation of the surrounding country and the plat. After using the language above quoted from the charge, counsel for the lumber company asked the court the following question:

"Would it be proper for the court to say to the jury, which has been held by these courts, that the area is indicated there, not as a limitation of the amount, but simply to notify the government officials what amount the party should pay for the land?"

In answer to this question of counsel the court used the following language, which was also excepted to:

"What the Supreme Court of the United States said—I will read again— was that in truth no such survey as was called for by the contract between

the government and the surveyor was made. I think under this evidence—however, you are to be the judges—that before 1900 and 1901 everybody knew that there was in truth no such survey as was called for by the contract between the government and the surveyor of the exterior lines, with the exception of the south line of the township, run; but no survey of the interior of the township was ever made, and no section lines thereof were ever run, with one possible exception, and in truth the survey as a whole was a fraud. No such body of water at the place indicated on the plat of survey then existed or now exists. I don't think these people could be said to know that the courts would hold that that survey was a fraud. I don't think so, but they knew the facts about that survey. I don't mean to say that Mr. Hornby, the representative of this company, would know that that survey was a fraud in law, or that the courts would hold it a fraud in law; but he knew the facts in regard to that survey, as I remember it—what it showed."

[4, 5] The court subsequently stated to the jury that they were the sole judges of the facts proved by the evidence, and that, if the court had made any statement which indicated to them what he thought about the facts of the case, they not only had the right to disregard his opinion, but that they ought to disregard any opinion of his which differed from their own. It is easy for counsel to select portions of a charge, and, considering them as standing alone, make out a case of prejudicial error; but this method, in fairness to the trial court, may not be adopted. The portions which are alleged to be erroneous must be construed with the whole charge, and, so construing the extracts above quoted, we find no prejudicial error therein. An exception was also taken by counsel for the lumber company to the statement by the court that Burns was in possession of the land from which the timber was cut. In view of the fact that this court had held on the previous appeal that Burns had such a possession of the land as would authorize him to maintain this action, the statement of the court was in entire harmony with the record, and no error was committed in so stating.

[6, 7] Counsel for the lumber company presented three requests to charge to the trial court, which were refused, except as they were given in the general charge. An exception was taken to this refusal. We have examined the requests and the charge, and find that the matter requested is fully stated at different times in the general charge. At the opening of the trial counsel for the lumber company objected to the trial of the case, for the reason that Burns had not paid the costs of the previous trial. Burns testified that he was unable to do so, and the court ruled that the trial should proceed, and an exception was taken to this ruling of the court. This matter was entirely within the discretion of the trial court, and no abuse of that discretion is shown. After the trial had proceeded for some time, it was brought to the attention of the court by counsel for the lumber company that the judgment entered upon the verdict in the former trial of the case had been assigned by Burns to the Granville Company, a corporation, and counsel thereupon demanded that the action be dismissed, because the plaintiff was not the real party in interest. It appeared that the assignment had been filed March 22, 1912, nearly two years before, and that defendant's counsel had at that time been furnished with a copy of such assignment; that the Granville Company was composed of the plaintiff, Burns, his wife, and son.

To remove any question of the right of the plaintiff to proceed with the trial, an appearance was entered by the Granville Company, and that company asked leave of the court to continue the action in the name of Burns. The leave was granted, and the trial proceeded. Under the laws of Minnesota the transfer of the interest of a party does not abate the action. General Statutes of Minnesota 1913, § 7685. Considering that the assignment had been in the hands of counsel for two years, a motion made to dismiss at the trial had little to commend it to the equitable considerations of the court. The correct procedure would seem to have been for the plaintiff to move for a substitution of parties, and, failing so to do, the lumber company should have made such motion. The motion to dismiss was improper. Willoughby v. St. Paul, etc., 80 Minn. 432, 83 N. W. 377; American Engine Co. v. Crowley, 105 Minn. 233, 117 N. W. 428.

The refusal of the trial court to receive in evidence the agreement between Mr. Burns and wife and Mr. Van Derlip, of date January 24, 1905, and deed from Mr. Burns and wife to Mr. Van Derlip of date January 24, 1906, was not error, as this court decided on the former appeal that those transactions did not defeat the right of Burns as a homesteader, so far as recovering the value of the timber in controversy was concerned.

[8] We have considered all exceptions taken to the charge, and all exceptions taken to any other ruling of the court which was open for consideration on the second trial. Those matters which were only brought to the attention of the court by motion for a new trial are not before us for consideration.

Finding no error in the record, the judgment below must be affirmed; and it is so ordered.