RICHEY & GILBERT COMPANY v. NORTHERN PACIFIC
RAILWAY COMPANY.[1]

January 5, 1923.

No. 23,156.

Prosecution of action by assignee in name of original party within court's discretion.

1. The matter of permitting an assignee of a cause of action to continue the prosecution thereof in the name of the original party, as authorized by G. S. 1913, § 7685, rests in the discretion of the trial court; in the exercise of which in this cause there was no abuse.

Question of good faith of assignment one of fact for court—order sustained.

2. The finding of the court, embodied in the order granting the relief, that the assignment in suit was bona fide, and not a sham or pretence, is sustained by the record; the evidence is not manifestly against that conclusion.

Relief not foreclosed by long delay.

3. The right to the relief was not, as a matter of law, lost or waived by laches.

Whether assignment is sham or genuine not considered.

4. Whether the order of substitution in such a case is conclusive upon the question of the character of the assignment whether a bona

[1]Reported in 191 N. W. 395.

fide transaction, or a sham and pretense, is not properly before the court upon an appeal from the order and is not determined.

Action in the district court for Hennepin county upon 12 causes of action to recover $61,272.04 damages for failure to furnish cars for the shipment of fruit. From an order granting the motion of Elon B. Gilbert to continue the prosecution of the action to a final conclusion in the name of Richey & Gilbert Company, defendant appealed. Affirmed.

*D. F. Lyons* and *D. R. Frost*, for appellant.

*George C. Stiles*, for respondent.

BROWN, C. J.

Plaintiff is a corporation organized under the laws of the state of Washington, with its principal place of business in this state. It brought this action in this state in January, 1921, to recover something over $60,000 upon several causes of action, for the alleged failure on the part of defendant to furnish plaintiff with timely and suitable facilities for the shipment of fruit from the state of Washington to the eastern markets. A prior suit based on the same subject matter had been brought by plaintiff against defendant in November, 1918, in the state courts of Washington, the place of plaintiff's active operations. It was removed by appropriate proceedings to the Federal court of that district, and was at issue and ready for trial therein when the present action was commenced in this state. The Washington action was subsequently dismissed, February 4, 1921, by order of the court wherein it was then pending on the ex parte application of plaintiff. This action was then removed to the Federal court of the Minnesota district on the application of defendant, but was remanded by order of that court as not a removable cause on August 18, 1921. Thereafter defendant took the initiative in the somewhat long drawn out controversy and brought suit against plaintiff in the Washington courts to restrain the prosecution of the present action in the courts of this state. A demurrer to the complaint in that action was overruled on January 20, 1922. And, as we understand the matter, a restraining order

enjoining proceedings in this action was granted by the Washington court, which was in force and effect in that state and binding upon plaintiff. Thereafter, Elon B. Gilbert, a resident of the state of Illinois, as assignee of the several causes of action involved, and the basis of this action, moved the court below under G. S. 1913, § 7685, for leave to continue the action and the prosecution thereof in the name of the original plaintiff, and without formal substitution. The motion duly came on for hearing and was submitted for decision upon the pleadings and records in the action together with affidavits of the respective parties. After due consideration the motion was granted and defendant appealed.

The questions presented by the briefs are: (1) The character of the order as a bar to further inquiry into the validity and good faith of the assignment; (2) whether the showing made in support of the motion was sufficient to justify the order; and (3) whether the privilege granted by the statute was lost or waived by the laches and long delay of the assignee in applying for the relief.

1. The statute in question, G. S. 1913, § 7685, provides that no action shall abate by the death of a party, or the transfer of his interest therein, if the cause of action survives. In such case the court may substitute the representative or successor in interest, or, in case of a transfer by assignment, may allow the action to proceed in the name of the original party.

The statute was designed as a substitute for the old common law writ of revivor, and is the exclusive method of reviving and continuing actions of the kind by the new party in interest. Landis v. Olds, 9 Minn. 79 (90). It has been construed as not vesting in the assignee or new party an absolute right of substitution, and that the matter of granting or withholding the relief rests in the discretion of the court. Brown v. Kahout, 61 Minn. 113, 63 N. W. 248; Willoughby v. St. Paul G. Ins. Co. 80 Minn. 432, 437, 83 N. W. 377. Whether the order of the court substituting the new party, or continuing the action in the name of the original party, is final on the question of the bona fides and validity of the assignment on which it is made, has never heretofore been presented to the court; at least we have found no such case in our reports. Under the common law

procedure by bill of revivor no doubt an order of substitution made therein would be final, precluding further inquiry on the trial. 23 Standard Procedure, 178. But the question is not here presented. Whether defendant in this case may again present the issue under a supplemental plea in abatement alleging the invalidity of the assignment, or that it is fictitious and sham, a mere pretense to avoid the effect of the Washington injunctional order against the plaintiff, can only properly be decided when presented in the usual way, and after it has been presented to and decided by the trial court. It is enough for the present that the order here in question rests in the discretion of the trial court, and, since we find no abuse in the exercise thereof, it must be sustained, unless the further contentions of defendant be found well taken.

2. The evidence presented, in the form of the pleadings, records and affidavits of the respective parties, made the question whether the assignment of the causes of action to Gilbert was a sham and pretense or a bona fide transaction one of fact for the trial court. The order granting the motion must be deemed a finding in favor of the good faith of the assignment, to be disturbed only if found clearly or manifestly against the evidence. In that light we have considered the record, and find therefrom no sufficient reason for interference. The assignment was in writing, a copy being attached to the affidavit of counsel for Gilbert. It appears regular on its face, and if the facts presented by the moving affidavits express the truth, a question for the trial court, therein is found a sufficient basis for the order. And, although the showing made by defendant is quite persuasive in the characterization of the assignment as a means to an end, we are unable under the rule guiding us in such cases to advance a sufficient reason for the conclusion that the trial court was clearly wrong in its conclusion. We therefore sustain the order in this respect.

3. The further contention that the motion should have been denied because of the laches and long delays of the assignee in applying for relief is not sustained. Although there was a matter of fact the lapse of considerable time between the date of the assignment and the motion, nearly a year, no prejudice resulted therefrom

to defendant. The company was not thereby exposed to any inconvenience and suffered no disadvantage, and is therefore in no position to complain of the delay. St. Paul, M. & M. Ry. Co. v. Eckel, 82 Minn. 278, 84 N. W. 1008. Its position is precisely the same as though the assignment had been executed a week before the motion was made; no better and no worse. The causes of action would then have passed to the assignee, and no question of the right of substitution could well have been raised other than an attack on the character of the assignment as sham and pretense. We do not understand that the Washington restraining order undertook to prohibit plaintiff from assigning or otherwise disposing of its cause of action, nor to disqualify a third person from purchasing the same. The rule of laches or estoppel does not apply.

Order affirmed.