## CLIFFORD A. TANEY, JR. v. THOMAS HODSON. CLIFFORD A. TANEY, JR. v. JOHN SCHUBRING AND ANOTHER.[1]

February 11, 1927.

Nos. 25,775, 25,776.

**When court may overlook insufficiency of assignment of error.**

1. Where there are several separate findings of fact, an assignment of error challenging them on the ground that they are not justified by the evidence is too general in that it does not point out the particular finding or findings complained of, but, where it appears from the appellant's brief that only one finding is questioned, the insufficiency of the assignment may be overlooked.

**When motions to dismiss appeals should be denied.**

2. Appeals from orders denying motions for new trials were taken by and in the name of the plaintiff after it had been adjudged a bankrupt and a receiver of its property had been appointed. Respondents moved to dismiss the appeals because they had not been taken by the receiver. Thereupon the receiver applied to this court for an order substituting him as appellant, and the application was granted. *Held* that the motions to dismiss should be denied.

**Liability of guarantors of credit on unlimited guaranty.**

3. The respondents guaranteed the payment of bills contracted by retailers to whom plaintiff extended credit. The guaranties were unlimited as to amount and contained no provision for their termination by the guarantors. The evidence tended to show that a reasonable amount of credit would not exceed $300, and the trial court so found. Plaintiff extended credit to much larger amounts and sought to hold the guarantors for the payment of the entire accounts. The trial court *held* that the guarantors were not liable for more than $300 in each case. This conclusion was correct in view of the evidence and the finding.

**Parol evidence of reasonable amount of credit admissible.**

4. The evidence concerning the amount of credit which might reasonably be extended was not open to the objection that it varied the terms of the contracts of guaranty.

[1] Reported in 212 N. W. 196.

Appeal and Error, 3 C. J. p. 1381 n. 14; p. 1398 n. 80; 4 C. J. p. 587 n. 80.

Bankruptcy, 7 C. J. p. 113 n. 34; p. 130 n. 37; p. 145 n. 44.

Evidence, 22 C. J. p. 1228 n. 77.

Guaranty, 28 C. J. p. 964 n. 69; p. 1029 n. 56; p. 1031 n. 84.

See note in 12 R. C. L. 1095; 2 R. C. L. Supp. 1550.

Plaintiff appealed from orders of the district court for Goodhue county, Johnson, J., denying his motions for new trials. Affirmed.

*Louis Sachs,* for appellant.

*A. J. Rockne,* for respondents.

LEES, C.

These actions were brought to recover on guaranties of payment for goods to be purchased pursuant to written contracts between plaintiff and the purchasers, who will hereafter be referred to as retailers. The guaranties were unlimited as to time and amount and made no provision for their termination by the guarantors. The answer alleged that plaintiff made an unreasonable and unwarranted use of the guaranties in permitting the retailers to become indebted in the amounts sued for, namely, $2,426.59 in one case, and $1,804.60 in the other.

The cases were tried by the court without a jury. By its seventh finding the court determined that at the time of the making of the contracts the parties contemplated that plaintiff should furnish goods to the retailers in an amount not exceeding $300, which was a fair and reasonable amount under all the circumstances, and that none of the parties intended that any other or greater liability would be incurred by the guarantors. Judgment in plaintiff's favor for $300 was ordered in each case and plaintiff has appealed from orders denying its motions for new trials.

The notices of the motions specified as one of the grounds thereof that the findings are not justified by the evidence and are contrary to law, but did not point out the particular findings attacked, neither are they set out in the assignments of error, which merely

repeat the language of the notices. There were seven separate findings of fact, hence the assignments of error are insufficient to raise this point. Bank of Dakota County v. Garvin, 167 Minn. 101, 208 N. W. 642. It appears from appellant's brief that the seventh is the only finding challenged. We have therefore concluded to overlook the insufficiency of the assignments of error.

At the hearing of the appeals respondents moved for the dismissal thereof for the reason that they were not taken by the party aggrieved. See G. S. 1923, § 9498.

The appeals were taken by and in the name of the plaintiff on July 12, 1926. On March 4, 1926, plaintiff was adjudged a bankrupt in the United States district court for the district of Minnesota, fourth division, and a receiver of all plaintiff's property was appointed. The receiver had qualified and was acting when the appeals were taken. The order appointing the receiver contains these words:

"Said receiver is hereby fully authorized * * * to come in and conduct the prosecution and defense of any suits now pending for or against said * * * Heinrich Chemical Company."

As a general rule, when a person or corporation is adjudged a bankrupt, the title to unexempt property passes to the trustee when he qualifies. Thereafter the bankrupt can no longer exercise dominion over his property or rights of action upon contracts, Rand v. Sage, 94 Minn. 344, 102 N. W. 864; 7 C. J. p. 130; but, with the approval of the bankruptcy court, when substituted as plaintiff the trustee may prosecute a suit commenced by the bankrupt prior to the adjudication. 7. C. J. p. 145.

Section 9176, G. S. 1923, provides that no action shall abate by reason of the transfer of the interest of a party if the cause of action continues or survives. In such cases the court on motion may substitute the successor in interest, or, in cases of transfer of interest, may allow the action to proceed in the name of the original party.

Whether respondents should have moved for the substitution of the receiver instead of moving for a dismissal is an open question. See American Eng. Co. v. Crowley, 105 Minn. 233, 117 N. W. 428;

Cloquet Lbr. Co. v. Burns (C. C. A.) 222 F. 857. But, that aside, we think that the appeals though irregular gave this court jurisdiction and that the receiver, if he desired to prosecute them, could apply for an order substituting him as appellant. Such an application was made after the appeals were argued, and an order for the receiver's substitution has been entered.

Coming now to the merits of the appeals it is evident that the defense in each action is based on Lehigh Coal & Iron Co. v. Scallen, 61 Minn. 63, 63 N. W. 245, where it was held that, although a continuing guaranty is unlimited as to time and amount, yet such time and amount must be reasonable under all the circumstances of the particular case.

In Bradshaw v. Barber, 125 Minn. 479, 147 N. W. 650, the Scallen case was cited with approval and it was said in substance that the guaranty must be interpreted in reference to the situation and condition of the principal debtor at the time the guaranty was made; that the true inquiry is: What may fairly be said to have been contemplated by the parties when the instrument was executed, giving due effect to every part and having due regard for surrounding circumstances?

In Wyman, Partridge & Co. v. Bible, 150 Minn. 26, 184 N. W. 45, it was said that the broadest language in a continuing guaranty is construed as limited to a time which is reasonable, taking into consideration not merely the language of the guaranty, but all the circumstances of the case.

We think the reasonableness of the amount of credit extended should be ascertained in the same manner.

These cases are still the law of this state. A fact distinguishing them from Cargill Comm. Co. v. Swartwood, 159 Minn. 1, 12, 198 N. W. 536, is that, by its terms, the guaranty in the latter case was to continue until expressly revoked.

If there was competent evidence showing that a reasonable line of credit in the business of the retailers would not exceed $300, the court was justified in making the seventh finding.

To prove that appellant extended credit in an unreasonable amount, respondents called M. J. Lilledahl as a witness. He testi-

fied that he had been engaged in the same business as the retailers for about four years and had secured 18 or 20 retailers for the appellant. After describing the manner in which the business was conducted and his experience in "coaching" retailers, he was asked to state the amount of credit they required, and answered: "$300 or $350."

Appellant's vice-president, in response to a question asked by appellant's counsel, gave this answer: "Our retailers carry at all times, those who are active in business, a stock of goods worth in the neighborhood of $500." He also testified that goods of the value of $250 to $300 were needed to start in business; that appellant shipped goods only on receipt of written orders, and that the orders usually varied in amount from $50 to $500.

Respondents placed in evidence a circular letter which appellant had sent out to its retailers urging them not to be overconservative in extending credit, to put out goods liberally on time and trial, and not to be "afraid to risk a few pennies to make a dollar." This evidence clearly furnished a sufficient basis for the seventh finding.

But it is urged that the evidence should not have been received because it varied the terms of the contracts of guaranty. This contention cannot be sustained. As was well said in Wilmot v. Minneapolis Auto. Trade Assn. 169 Minn. 140, 210 N. W. 861:

"The duty of courts is to apply contracts to their subject matter and so effect the purpose of the parties. * * * To accomplish the main object, resort may and frequently must be had to the circumstances under which the contract was made, and, if there be need for resort to extraneous aids to construction, it is immaterial whether such need arises from an uncertainty in the instrument itself, or that being clear, standing alone, it ceases to be so * * * when the contract is applied to its subject matter."

Moreover these cases come within the general rule that parol evidence is admissible to show the situation and relation of the parties and all the circumstances attending the execution of a contract. Dun. Dig. § 3400.

It is also urged that Lilledahl was not qualified to testify concerning the usual and ordinary amount of credit required by appellant's retailers. The court thought that his qualifications were sufficiently shown and was well within its discretion in permitting him to testify as an expert witness in view of his experience.

The orders denying new trials are affirmed.