## CONTINENTAL CAN COMPANY, INC. v. LANESBORO CANNING COMPANY AND OTHERS.[1]

March 28, 1930.

No. 27,769.

*Hopp & Larson,* for appellants.
*David A. McVeety,* for respondent.

STONE, J.

This action for the price of goods sold, tried without a jury, resulted in a decision against Lanesboro Canning Company, a corporation, the principal debtor, and the individual defendants as its guarantors. The latter appeal from an order denying their motion for amended findings or a new trial.

[1]Reported in 230 N. W. 121.

During the involved period the canning company was a corporation engaged in the business of canning corn and other vegetables at Lanesboro. Each season as they were needed it purchased its cans from plaintiff. Such purchases were made under three-year contracts. Before the cans for the season of 1922 were shipped a guaranty of payment of the purchase price was required from and furnished by the individual defendants, who were, and during all the time now in question remained, directors of the canning company. Again, April 20, 1923, a similar guaranty was required of and furnished by them in the following language:

"To the Continental Can Company, Inc.,
"Chicago, Illinois.

"Please sell and deliver to the Lanesboro Canning Company, Lanesboro, Minnesota, on your usual terms of sale, such cans as they may from time to time order, and in consideration thereof, we the undersigned do hereby, both jointly and severally, guarantee and hold ourselves, both jointly and severally, personally responsible for the payment at maturity of the purchase price, and if not paid at maturity, do hereby both jointly and severally agree to pay the purchase price, of all such cans so sold and delivered, whether evidenced by open account, acceptance, note or otherwise, and we do hereby, both jointly and severally, waive notice of acceptance hereof, amount of sales, dates of shipment, dates of delivery, notice of default in payments, necessity of legal proceedings of every kind against the purchaser, and any and all notices of every kind and nature whether provided by law or otherwise."

October 5, 1923, a new contract was entered into between plaintiff and the canning company for the three years beginning January 1, 1924, and ending December 31, 1926. The recovery now sought is for two carloads of cans furnished under that contract in May, 1925, all other shipments thereunder having been paid for.

■ The argument for appellants is correct, that such a general guaranty as we have here, even though not limited as to time, must as a matter of construction be "limited to a time which is reasonable, taking into consideration not merely the language of the guar-

anty, but all the circumstances of the case." Taney v. Hodson, 170 Minn. 230, 233, 212 N. W. 196, 197. There is no explicit finding to settle the issue of the duration of the guaranty sued upon. But such a conclusion of fact is implicit in the decision below, for it is found that the guaranty "was never cancelled or released." A persuasive circumstance against appellants is that they were the directors of the canning company and so responsible for its management. There is evidence that they were consulted regularly by the superintendent or manager. The language of their guaranty is clearly prospective and not by its own terms subject to the limitation to the one season which appellants would like to impose upon it. It contemplates sales on plaintiff's "usual terms"; and, as already indicated, the usual terms as between plaintiff and the canning company were expressed by the three-year contracts. One of such contracts was made during the very season in which the guaranty was given. For the making of that contract by the canning company defendants are legally if not actually responsible. The cans in question were furnished under that contract. Under such circumstances we are not at liberty to disturb the finding that the term of the guaranty had not expired.

■ Another point stressed for appellants is that the contract provided that terms of payment should be "net cash, sight draft attached to bill of lading." The point is that credit was extended for the two cars in question and therefore, so it is argued, there was such a violation of the contract or such a departure from its terms as to release the guarantors. The argument is unsound. The contract itself contemplated a possible failure by the purchaser "to fulfil the terms of payment under this contract." But the guaranty is the controlling thing. It provides for a continuing liability of the guarantors when and if plaintiff's demands should be "not paid at maturity." Furthermore, it would be a singular thing for parties who contemplated payment only upon draft with bill of lading attached to insist upon a guaranty. If such terms are imposed and enforced there can be no need for a guaranty. It was as assurance of payment after maturity and in case of the continuing default of

the buyer·that the guaranty was required.   There is no suggestion that there was anything unreasonable about plaintiff's extension of credit to the canning company.

Order affirmed.