Edwin R. Wakefield v. United States (No. 4405)[1]

[1] C. A. D. 216.

United States Court of Customs and Patent Appeals, October 13, 1942

*Edwin R. Wakefield, pro se.*
*Paul P. Rao,* Assistant Attorney General, for the United States.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON Associate Judges

PER CURIAM: In this case appellant obtained a judgment in his favor rendered by the Second Division of the United States Customs Court. In due time, the Government filed a motion for rehearing, which was granted by the same judges of said court who had rendered the judgment (one judge dissenting). Appellant is here appealing from the action of the court in granting a rehearing.

Some of the assignments of error go to the proposition that the court abused its discretion in granting a rehearing under the circumstances stated. Other assignments question the jurisdiction of the court to grant a rehearing. Appellant has called attention to the fact that the law is well settled that if a rehearing is granted by a tribunal that has no jurisdiction, the judgment of the tribunal so acting may be questioned on appeal. *Phillips* v. *Negley,* 117 U. S. 665; *Manning* v. *German Insurance Co.,* 107 Fed. 52.

Appellant seeks to question the authority of the same tribunal that rendered the judgment, to grant a rehearing. Obviously, appellant's attitude is, in effect, to challenge the validity of the judgment rendered in his favor. If the tribunal had any right to render the judgment in the first place, it certainly had the right to grant a rehearing, unless it was granted under such circumstances as to amount to an abuse of discretion. See *Taggesell Co. (Inc.)* v. *United States,* 17 C. C. P. A. (Customs) 15, T. D. 43318.

In ordinary cases when the court's jurisdiction is not questioned, it has been uniformly held that no one can appeal from a judgment granting a rehearing, and this is particularly true in customs jurisprudence in view of the language used by Congress in section 308 of title 28 of the Judicial Code & Judiciary of the United States, 28 U. S. C. A. § 308, which confines the jurisdiction of this court to the review, by appeal, of "final decisions by the United States Customs Court in all cases as to the construction of the law and the facts

respecting the classification of merchandise and the rate of duty imposed thereon under such classifications, and the fees and charges connected therewith, and all appealable questions as to the jurisdiction of said court, and all appealable questions as to the laws and regulations governing the collection of the customs revenues."

On the general question of appeal from an order granting or refusing a rehearing, the following authorities seem to be apropos: *Waller-Muller Co.* v. *United States*, 21 C. C. P. A. (Customs) 318, T. D. 46833; *Cloquet Lumber Co.* v. *Burns*, 222 Fed. 857; *Stradford* v. *Wagner*, 64 F. (2d) 749; *First Trust & Savings Bank* v. *Iowa-Wisconsin Bridge Co.*, 98 F. (2d) 416.

In the *Waller-Muller* case, *supra*, this court said:

The law is well settled that there can be no appeal from an order granting or rejecting an application for a rehearing. *Bondholders and Purchasers of the Iron Railroad* v. *Toledo, D. & B. R. Co.*, 62 Fed. 166; *Conboy* v. *First Nat. Bank of Jersey City*, 203 U. S. 141; *Restifo* v. *Hartig*, 61 F. (2d) 404, 61 App. D. C. 252.

It is also important to note that title 28 U. S. C. A. § 296, which is section 518 of the Tariff Act of 1930, specifically provides as follows:

\* \* \* The court shall have power to establish from time to time such rules of evidence, practice, and procedure, not inconsistent with law, as may be deemed necessary for the conduct of its proceedings, in securing uniformity in its decisions and in the proceedings and decisions of the judges thereof, and for the production, care, and custody of samples and of the records of such court. Under such rules as the United States Customs Court may prescribe, and in its discretion, the court may permit the amendment of a protest, appeal, or application for review. \* \* \*.

Rule 30 of the trial court, adopted in pursuance of the authority granted in the above-quoted section, which relates to the instant issue, provides for the filing of motions for rehearing, what the motion shall contain, by whom it shall be considered, and then ends with the following:

Such motions [motions for rehearing] shall be referred by the presiding judge to the judge or division of the court having jurisdiction in the premises.

The trial court has granted a rehearing, with the objects of so doing stated in its order granting the rehearing. At such rehearing it would seem to us, although we do not pass upon that question, that appellant can raise the question of the jurisdiction of the tribunal to decide the case.

We have examined all of appellant's assignments of error and find that they are without merit and that appellant's appeal from the order granting a rehearing was, on September 23, 1942, properly dismissed.