**TRI-COUNTY STATE BANK OF ORTONVILLE, Respondent,**

v.

**GOLF PROPERTIES, INC., et al., Defendants,**

**Donald E. Betzen, et al., Appellants.**

No. C4–86–1004.

Court of Appeals of Minnesota.

Nov. 4, 1986.

David B. Polacek, Joseph G. Thompson, Brenner, Workinger, & Thompson, P.A., Minneapolis, for respondent.

John C. Childs, Popham, Haik, Schonobrich, Kaufman & Doty, Ltd., Minneapolis, for defendants.

Mark D. Luther, St. Louis Park, for appellants.

Considered and decided by NIEREN-GARTEN, P.J., and WOZNIAK and SEDG-WICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

The Tri-County State Bank of Ortonville brought this action to collect on guaranty notes signed by defendants David Bush, Edwin Bush, Donald Betzen, and Robert Werre. The notes were signed in exchange for the extension of credit by the bank to defendant Golf Properties, Inc. The district court, Hennepin County, entered default judgment against Edwin and David Bush and Golf Properties for failure to timely serve an answer to the bank's complaint. These defendants do not appeal.

The district court entered summary judgment against Werre and Betzen. They appeal from the judgment. The bank has requested attorney's fees for this appeal pursuant to Minn.Stat. § 549.21. We affirm.

## FACTS

In 1982, Werre, Betzen, and David Bush were the only shareholders of Golf Properties, Inc. Golf Properties sold and leased golf carts to golf courses and golf cart distributors.

On March 5, 1982, in exchange for a corporate line of credit with the bank, the three shareholders and Edwin Bush, David's father, signed a personal guaranty to the bank. The guaranty provided for joint and several liability on all indebtedness then existing or thereafter arising, or any renewal or extension thereof, together with all expenses incidental to collection, including attorney's fees. The limit of liability on the guaranty was not to exceed $130,000, plus accrued interest, collection expenses, and attorney's fees. The guaranty was of unlimited duration and provided that no notice of renewal or extension of indebtedness need be given the guarantors. Between 1982 and 1984, the bank issued several promissory notes to Golf Properties.

In February of 1984, the shareholders of Golf Properties had a falling-out. Werre and Betzen relinquished all their shares in the corporation on February 6, 1984. The

stock transfer agreement entered into by the three shareholders provided that, in exchange for their transfer of shares back to the corporation, Werre and Betzen were released from the personal guaranties they had extended to the bank and to a golf cart manufacturer.

Werre swore in his affidavit that, although he and Betzen eventually received a release from the golf cart manufacturer, they never received a release from the bank. Thomas J. McCarvel, vice president and cashier of the bank, swore in his affidavit that the bank never agreed to waive its rights against Werre and Betzen under either the joint guaranty of March 1982 or the guaranties of August 1985.

On August 15, 1984, Golf Properties executed and delivered to the bank a promissory note in the amount of $152,300. This note was a consolidation and renewal of the promissory notes previously executed by Golf Properties pursuant to their line of credit. In exchange for this renewal, the bank requested personal guaranties from Werre, Betzen, and David Bush. All three executed and delivered personal guaranties to the bank on August 15, 1984.

Werre and Betzen allege they were told by David Bush and the attorney for Golf Properties that these new guaranties were only needed for a short period while new financing was obtained for the company. They allege they were told that as soon as new financing was obtained, they would be released from the guaranties. They claim they assumed the bank knew that they were no longer shareholders and that the guaranties were only to be for the short period of time.

The guaranties signed by Betzen and Werre in 1984 are absolute, unconditional, and continuing. They may be revoked prospectively as to future transactions by written notice to the bank. They may not be revoked, however, as to any indebtedness existing at the time of receipt of written notice of revocation by the bank, or any renewal or refinancing of existing indebtedness. The bank states in its brief that no

written notice of revocation was ever received for either the March 1982 joint guaranty or the August 1984 guaranties. Werre and Betzen do not dispute this.

Golf Properties ultimately defaulted on their note. The bank brought suit to recover on the note, the 1982 joint guaranty, and the 1984 individual guaranties of Werre, Betzen, and David Bush. Werre and Betzen brought crossclaims against David Bush and Golf Properties, alleging fraud and misrepresentation and seeking indemnification for any judgment entered against Werre and Betzen. The bank moved for default and summary judgment.

The district court granted the bank's motion and entered default judgment against the corporation and Edwin and David Bush, pursuant to Minn.R.Civ.P. 55.01, for failure to answer the complaint. The default judgment has not been appealed. The court entered summary judgment against Werre and Betzen on the grounds that they were liable to the bank on both the joint guaranty of March 5, 1982 and the individual guaranties of August 15, 1984. The court awarded the bank $3,211.82 as reasonable attorney's fees incurred to the date of the hearing. The court expressly reserved for later hearing Werre and Betzen's crossclaims against David Bush and Golf Properties. According to the bank, these crossclaims have not yet been decided.

Werre and Betzen appeal from the judgment entered against them.

### ISSUES

1. Did the trial court err in entering summary judgment in favor of the bank on the ground that appellants are liable on the personal guaranties?

2. Is respondent entitled to recover collection costs and attorney's fees?

### ANALYSIS

1. Appellants argue that summary judgment[1] was inappropriate because Werre and Betzen were released from the

---

1. In the interests of judicial economy, we grant review of the partial summary judgment.

original March 1982 joint guaranty by the bank's renewal of the promissory notes. They rely on the general rule that if the time of payment on the principal obligation is extended without the guarantor's consent, the guarantor is released and discharged from the guaranty contract. *See Clark v. Otto B. Ashbach & Sons, Inc.*, 241 Minn. 267, 276, 64 N.W.2d 517, 523 (1954). Here, however, the joint guaranty expressly provides that no notice of renewal or extension of indebtedness need be given to the guarantors.

The joint guaranty here was for an unlimited time period. Such guaranties are generally construed to be limited to a reasonable time. *Continental Can Co. v. Lanesboro Canning Co.*, 180 Minn. 27, 29, 230 N.W. 121, 122 (1930). In *Continental,* the supreme court held that three years was a reasonable time. We believe that three years is a reasonable time in this case also.

Appellants also argue that there was no consideration for the August 1984 guaranties. However, the detriment sustained in relying on a guaranty is sufficient consideration to support it. *Southdale Center, Inc. v. Lewis*, 260 Minn. 430, 438–39, 110 N.W.2d 857, 862–63 (1961).

Werre and Betzen argue that summary judgment is inappropriate because there is an issue of fact as to whether the bank was aware that the shareholders agreed that the August 1984 guaranties were intended to be short term. The trial court found that no facts were presented in support of this claim. Even if evidence had been presented, this factual dispute is not material. What the shareholders agreed to among themselves is irrelevant to the bank's right to proceed against the defendants. The uncontroverted affidavit of the bank's vice president states that the bank never waived its rights against Werre and Betzen.

2. The trial court did not abuse its discretion in awarding attorney's fees incurred to the date of the hearing. The promissory note, the 1982 joint guaranty,

and the 1984 individual guaranties all provide that the borrowers/guarantors are liable to the bank for all collection costs and attorney's fees incurred in the event of default.

We award the bank $2,000 for costs, disbursements, and attorney's fees incurred in defending this appeal, pursuant to Minn.Stat. § 549.21.

## DECISION

The decision of the trial court is affirmed. Respondent is awarded $2,000 in costs, disbursements, and attorney's fees in defending this appeal.

Affirmed.